{¶ 1} Defendant-appellant Anthony Wilson ("Wilson") appeals his felonious assault and domestic violence convictions. For the reasons that follow, we affirm.
 {¶ 2} The Cuyahoga County Grand Jury indicted Wilson on one count of felonious assault in violation of R.C. 2903.11 and one count of domestic violence in violation of R.C. 2919.25. Wilson waived his right to a jury trial, and the court proceeded to conduct a bench trial. The trial court found Wilson guilty of felonious assault and domestic violence and sentenced Wilson to two years in prison.
 {¶ 3} The events giving rise to the charges occurred on October 26, 2005, in Cleveland. The victim, Tanishia Jones ("Jones"), testified that on October 26, 2005, she was packing her belongings in her apartment while her two children, fathered by Wilson, were at an aunt's house. Jones testified she was relocating to Alabama where her mother resides, having been evicted from her apartment because of excessive disturbances caused by Wilson. Wilson met Jones at her apartment between four and five o'clock in the afternoon, took her to Wendy's for dinner, and then took her home.
 {¶ 4} Jones testified that Wilson returned to the apartment between eleven and twelve o'clock in the evening, after calling ahead. Jones stated that Wilson inquired as to whether she had company that evening, accused Jones of lying when she responded in the negative, and then "smacked" her right cheek. Jones testified she fell to the floor where Wilson then punched her in her right side. Jones indicated *Page 4 
that she lost her breath and suffered such severe pain that she could not stand up. Jones further testified that Wilson did not offer her any assistance and left within ten minutes of the altercation. Jones crawled to the bathroom and noticed blood in her urine. Jones then crawled to her bedroom, called her mother, and upon her mother's advice, dialed 9-1-1 for assistance. An ambulance transported Jones to University Hospital where doctors diagnosed her with a ruptured kidney and a lacerated liver. Jones was transferred to MetroHealth Medical Center where she spent one day in the intensive care unit and a second day in a medical care unit. Jones was released from MetroHealth Medical Center on October 29, 2005.
 {¶ 5} Wilson's testimony did not comport with Jones' testimony. Wilson denied being in the apartment with Jones the evening of October 26, 2005. Wilson denied smacking Jones in the face or punching Jones. Wilson testified that he did not know about Jones' injuries until he received a phone call from Jones upon her admission to the hospital. Wilson testified that Jones described her injuries as sustained when she fell up the apartment steps while moving boxes.
 {¶ 6} Wilson indicated that he went to the hospital several times to visit Jones and brought her fast food, although the record indicates that Jones, while hospitalized, was on a liquid only diet because of her injuries.
 {¶ 7} The transcript also reveals that Wilson and Jones had a volatile relationship. Both parties admit to having argued over Wilson's continued relationship with another woman, Shamika Crenshaw ("Crenshaw"), who also has a *Page 5 
child with Wilson. Wilson admitted to spending his time with both women, and specifically, the night of October 25, 2005, with Crenshaw. However, Wilson testified that he lived with Jones, kept all of his belongings in the apartment with Jones, possessed keys to the apartment and, although he did not officially pay child support, he paid the six dollars in monthly rent Jones owed, paid her phone and cable bills, and supported his children as best he could. Jones testified that the apartment was hers, that Wilson did not keep his belongings in the apartment, and only stayed with her part of the time.
 {¶ 8} Wilson's only assignment of error is, "the defendant's conviction was against the manifest weight of the evidence." The Eighth District Court of Appeals in City of Cleveland v. Welms, Cuyahoga App. No. 87758, 2006-Ohio-6441, held the following:
 "In a bench trial, the trial court assumes the fact-finding function of the jury. Accordingly, to warrant reversal from a bench trial under a manifest weight of the evidence claim, this court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether in resolving conflicts in evidence, the trial court clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered." (Citations omitted.)
 {¶ 9} In other words, "[A] reviewing court will not reverse a conviction where there is substantial evidence upon which the court could reasonably conclude that all elements of an offense have been proven beyond a reasonable doubt." State v. Opalach, *Page 6 
Cuyahoga App. No. 85540, 2005-Ohio-5563, citing State v. Eskridge
(1988), 38 Ohio St.3d 56.
 {¶ 10} In reviewing a manifest weight of the evidence issue, this court has held the following:
 "When the argument is made that the conviction is against the manifest weight of the evidence, the appellate court is obliged to consider the weight of the evidence, not its mere legal sufficiency. The defendant has a heavy burden in overcoming the fact finder's verdict * * * `The weight to be given evidence and the credibility of witnesses are determinations to be made by the triers of fact. If there was sufficient evidence for the triers of fact to find defendant guilty beyond a reasonable doubt this court will not reverse a guilty verdict based on manifest weight of the evidence.'" State v. Barrow, Cuyahoga App. No. 81298, 2003-Ohio-2183. (Internal citations omitted.)
 {¶ 11} As already stated, the trial court judge, in a bench trial, found Wilson guilty of felonious assault and domestic violence. After reviewing the entire record, in weighing all evidence and reasonable inferences, in considering the credibility of witnesses and conflicts in evidence, we find that the trial court did not lose its way and create a manifest miscarriage of justice.
 {¶ 12} Ohio's domestic violence statute states:
 "(A) No person shall knowingly cause or attempt to cause physical harm to a family or household member.
 (B) No person shall recklessly cause serious physical harm to a family or household member.
 (D)(1) Whoever violates this section is guilty of domestic violence."
 R.C. 2919.25. *Page 7 
 Ohio's felonious assault statute reads as follows:
 "(A) No person shall knowingly do either of the following: (1) Cause serious physical harm to another or to another's unborn * * *." R.C. 2903.11.
 {¶ 13} The prosecution produced Jones, Cleveland Police Officer George Redding ("Redding"), and Detective John Freehoffer ("Freehoffer") as its witnesses. Redding and Freehoffer responded to University Hospital's phone call regarding Jones' admission to the hospital. Defense did not cross-examine either Redding or Freehoffer. The defense presented Wilson as its sole witness. The parties stipulated to the medical records submitted to the court, and neither party presented expert witnesses.
 {¶ 14} In applying the facts on record to applicable Ohio statute, there is sufficient evidence for the trier of fact to find the defendant guilty beyond a reasonable doubt. Opalach, supra; Barrow, supra. In fact, Wilson does not contest the sufficiency of the evidence in his brief, but only the manifest weight of the evidence.
 {¶ 15} Wilson argues that the parties' volatile relationship, including allegations of infidelity, abuse, and jealousy for example, give rise to the conviction being against the manifest weight of the evidence. In addition, Wilson argues that Jones is not a credible witness because Jones has filed prior false police reports against Wilson and then refused to come to court to follow through with the charges against him. Wilson alleges that the only reason that Jones is willing to testify in the instant *Page 8 
action is for personal gain in a pending criminal matter in which Jones is the defendant and Crenshaw the victim. Wilson also points to conflicts in evidence and the lack of expert witnesses as to the nature of Jones' fall and subsequent injuries.
 {¶ 16} Wilson's arguments, however, even where entirely accurate, do not give rise to finding that his conviction is against the manifest weight of the evidence. This court agrees that, based upon the entire record, Wilson and Jones participated in a volatile relationship. Testimony as to prior calls to police for domestic disturbances that occurred at the Shaker Boulevard apartment building and testimony as to arguments over Wilson's continued relationship with Crenshaw demonstrates the volatility of the parties' relationship.
 {¶ 17} This court also finds that both parties could be found to lack credibility by a trier of fact in that Wilson's testimony and Jones' testimony do not comport. Wilson, however, failed to provide evidence in support of his contention that Jones received any benefits or favor from the prosecutor's office in her pending criminal case for testifying in the instant case. Regardless, the trial court judge, as the trier of fact in the instant action, weighed all evidence and reasonable inferences and found Jones to be a more credible witness.
 {¶ 18} Finally, neither party presented expert witnesses. Thus, the trial court, as trier of fact, made its evidentiary determinations with lack thereof and still found sufficient evidence to find Wilson guilty beyond a reasonable doubt. We agree. Jones' liver and kidney injuries were sustained near her right side, which is *Page 9 
consistent with her testimony that Wilson punched her in her right side; whereas, Wilson testified that Jones fell up the stairs and injured herself. While the trial court could easily find both versions credible, Jones' testimony may reasonably be found to be more credible than Wilson's, as the injuries she sustained were along her right side and not the front of her body. Thus, this court finds that even without expert witnesses, there still existed sufficient evidence to sustain a conviction.
 {¶ 19} The trial court judge also reviewed the medical reports and paternity documents and weighed said evidence accordingly. Thus, even in light of Wilson's arguments, Wilson's conviction is not "against the manifest weight of the evidence." The trial court judge did not clearly lose its way creating such a miscarriage of justice that judgment should be reversed and a new trial ordered. The trial court judge clearly reviewed all evidence in the instant case, gave weight to all evidence, and made its findings accordingly.
 {¶ 20} Wilson's single assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. A *Page 10 
certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MARY EILEEN KILBANE, JUDGE
SEAN C. GALLAGHER, P.J., CONCURS ANN DYKE, J., CONCURS IN JUDGMENT ONLY *Page 1