JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Danielle Johns ("Johns"), appeals his robbery conviction. Finding no merit to the appeal, we affirm.
 {¶ 2} In July 2007, Johns was charged with aggravated robbery and felonious assault, both of which carried one-and three-year firearm specifications and repeat violent offender and notice of prior conviction specifications. He was also charged with having a weapon while under disability, which carried a repeat violent offender and a notice of prior conviction specification.
 {¶ 3} The matter proceeded to a bench trial, at which he was found guilty of an amended charge of robbery, with the repeat violent offender and notice of prior conviction specifications attached, and also of assault with the repeat violent offender specification attached. The trial court sentenced Johns to five years in prison on the robbery charge and six months in prison on the assault charge, to be served concurrently, for an aggregate of five years in prison.
 {¶ 4} The following evidence was presented at trial.
 {¶ 5} In September 2005, the victim, Paul Cleveland ("Cleveland") was approached by two males, Johns and Hersie Wesson ("Wesson"), as he walked toward the entrance of the Taste of Soul restaurant. Cleveland testified that Johns and Wesson pointed guns at him and told him to "lay it down" and give them "everything [he's] got." When he failed to give them anything, Johns struck Cleveland in the face with the gun. Cleveland then ran away and heard *Page 4 
gunshots as he fled.
 {¶ 6} After the incident, Cleveland met with Cleveland police and provided a statement to Detective Leroy Gilbert ("Gilbert"). Gilbert presented a photo array and Cleveland identified Johns as his assailant.
 {¶ 7} Johns testified in his own defense at trial. His testimony does not comport with Cleveland's. He admitted that he was at the Taste of Soul restaurant on the night of the incident. He stated that he approached Cleveland to talk to him about a fight he had with his stepbrother, Wesson. He denied having a gun that night but admitted striking Cleveland's face with his hand.
 {¶ 8} Johns appeals, raising one assignment of error in which he argues that his robbery conviction is against the sufficiency and manifest weight of the evidence.
 {¶ 9} The standard of review for the sufficiency of evidence is set forth in State v. Bridgeman (1978), 55 Ohio St.2d 261, 381 N.E.2d 184, syllabus, which states:
 "Pursuant to Crim. R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt."
See also, State v. Apanovitch (1987), 33 Ohio St.3d 19, 23,514 N.E.2d 394; State v. Davis (1988), 49 Ohio App.3d 109, 113, 550 N.E.2d 966.
 {¶ 10} Bridgeman must be interpreted in light of the sufficiency test *Page 5 
outlined in State v. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52,678 N.E.2d 541 and State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492. A challenge to the sufficiency of the evidence supporting a conviction requires a court to determine whether the State has met its burden of production at trial. Thompkins. On review for sufficiency, courts are to assess not whether the State's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction. Id. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jenks at paragraph two of the syllabus.
 {¶ 11} In evaluating a challenge to the verdict based on the manifest weight of the evidence in a bench trial, "the trial court assumes the fact-finding function of the jury. Accordingly, to warrant reversal from a bench trial under a manifest weight of the evidence claim, this court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether in resolving conflicts in evidence, the trial court clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered." Cleveland v. Welms,169 Ohio App.3d 600, 2006-Ohio-6441, 863 N.E.2d 1125, citing Thompkins.
 {¶ 12} As the Thompkins Court declared:
 "Weight of the evidence concerns `the inclination of the greater amount of credible evidence offered in a trial, to support one side of the issue rather *Page 6 
than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief.' * * *
 The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Id.
 {¶ 13} In State v. Bruno, Cuyahoga App. No. 84883, 2005-Ohio-1862, we stated that the reviewing court must be mindful that the weight of the evidence and the credibility of witnesses are matters primarily for the trier of fact. A reviewing court will not reverse a verdict where the trier of fact could reasonably conclude from substantial evidence that the prosecution proved the offense beyond a reasonable doubt. State v.DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus; State v. Eley (1978), 56 Ohio St.2d 169, 383 N.E.2d 132. Moreover, in reviewing a claim that a conviction is against the manifest weight of the evidence, the conviction cannot be reversed unless it is obvious that the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v. Garrow (1995), 103 Ohio App.3d 368,370-371, 659 N.E.2d 814.
 {¶ 14} Johns argues that there was no evidence connecting him with a *Page 7 
weapon or the robbery. He maintains that the fact that no shell casings were found at the scene supports his testimony that he did not have a gun. He also claims that robbery is a crime of taking money or goods from another person by force or intimidation. He further claims that the crime of robbery "is complete when the robber acquires possession of the property, even for a short time." We disagree.
 {¶ 15} In order to be found guilty of robbery under R.C. 2911.02(A), the State must prove that Johns, in attempting or committing a theft offense, had a deadly weapon; inflicted, attempted to inflict, or threatened to inflict physical harm on another; or used or threatened the immediate use of force against Cleveland.
 {¶ 16} Contrary to Johns' contention, R.C. 2911.02(A) does not require that the theft offense actually be committed in order to sustain a robbery conviction. Rather, the statute provides that a person can commit robbery while attempting to commit a theft offense. Furthermore, a robbery can be committed without the use of a weapon. Inflicting or threatening to inflict physical harm on another or using or threatening the immediate use of force against another are also elements of the crime.
 {¶ 17} Johns also argues that Cleveland's testimony lacked credibility. He claims that Cleveland attempted to convince the court that there was a robbery "when [Cleveland] well knew the incident occurred because of a previous *Page 8 
altercation with [Wesson] in which he beat [Wesson], a schoolmate." However, other than Johns' self-serving statement that he just wanted to talk to Cleveland, there is nothing in the record to prove that Johns did not attempt to rob Cleveland.
 {¶ 18} A review of the record reveals that Wesson and Johns approached Cleveland as he walked toward the restaurant. Cleveland testified that he was told to "lay it down." When he asked what that met, Cleveland was told to give Johns and Wesson everything he had. Although no gun or shell casings were found, Johns admitted inflicting physical harm on Cleveland by striking him in the face.[1] Furthermore, the photographs submitted by the State indicate that Cleveland's face and lip were swollen as a result of the incident.
 {¶ 19} We note that the trial court, as the trier of fact, is free to accept or reject all or any part of the testimony of the witnesses and assess the credibility of those witnesses. Although both Cleveland and Johns could be found to lack credibility due to conflicting testimony, the trial court, as the trier of fact in the instant case, weighed all the evidence and reasonable inferences and found Cleveland to be a more credible witness. See State v. Anderson, Cuyahoga App. No. 90460,2008-Ohio-4240, citing State v. Wilson, Cuyahoga App. No. 88289,2007-Ohio-2373.
 {¶ 20} Thus, in viewing the evidence in the light most favorable to the State, we find that there was sufficient evidence to support Johns' robbery *Page 9 
conviction. We also find that his conviction was not against the manifest weight of the evidence.
 {¶ 21} Accordingly, the sole assignment of error is overruled.
 {¶ 22} Judgment is affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, A.J., and KENNETH A. ROCCO, J., CONCUR.
[1] Johns also concedes in his appellate brief that he assaulted Cleveland. *Page 1