[Cite as *State v. Sohrabi*, 2011-Ohio-1935.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No.   95358

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## SHAUHEEN SOHRABI

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-535120

**BEFORE:**    Boyle, P.J., Cooney, J., and Rocco, J.

**RELEASED AND JOURNALIZED:**    April 21, 2011

**ATTORNEY FOR APPELLANT**

Joseph A. Dubyak
Dubyak & Goldense
50 Public Square
Suite 920
Cleveland, Ohio   44113-2206

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
BY:   Tiffany Hill
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY J. BOYLE, P.J.:

{¶ 1}   Defendant-appellant, Shauheen Sohrabi, appeals his convictions for robbery and kidnapping, arguing that the trial court should have granted his Crim.R. 29 motion for acquittal because the state failed to present sufficient evidence of the offenses.   We affirm.

Procedural History and Facts

{¶ 2}   In March 2010, Sohrabi was indicted in a five-count indictment: two counts of kidnapping, in violation of R.C. 2905.01(A)(2); two counts of robbery, in violation of R.C.

2911.02(A)(2); and one count of impersonating a police officer, in violation of R.C. 2921.51(E). Sohrabi pleaded not guilty to the charges, and the matter proceeded to a bench trial.

{¶ 3} The state presented the testimony of the two victims: Leo Vovk and Jim Diezic. According to their testimony, on November 23, 2009, they drove into the parking lot of Timko's bar when a black Crown Victoria, which they believed to be an undercover police vehicle, approached their car. The driver of the Crown Victoria, later identified as Sohrabi, ordered them over a "radio" to exit their vehicle with their hands up and to get face down on the ground. Diezic testified that Sohrabi pushed "something" into his back that he assumed was a gun. Sohrabi told the victims that they were under arrest as part of a sting operation. He also flashed a badge.

{¶ 4} Once the victims were on the ground, Sohrabi searched their pockets. According to Diezic, Sohrabi ordered him to empty his pockets onto the hood of the vehicle. Diezic complied, placing "over a hundred bucks" and his phone on the hood of Sohrabi's car. Vovk testified that Sohrabi asked for his money and "ID," which he had in his back pocket. Vovk further testified that Sohrabi took Diezic's wallet and placed it in the front seat of Sohrabi's car.

{¶ 5} Although the victims thought that Sohrabi, who they eventually recognized as an acquaintance at Timko's bar, was possibly playing a "prank," they thought otherwise once

he placed them in the back of his car and sped out of the parking lot, going at least 100 miles per hour. The victims were unable to open the back doors of Sohrabi's vehicle from the inside. They further testified that Sohrabi then drove to a nearby deserted parking lot behind a warehouse, where he purportedly radioed for "back-up" and was met by another male. Vovk eventually escaped after Sohrabi ordered him out of the vehicle. According to Diezic, Sohrabi then placed him in the other male's vehicle and they drove back to Timko's, where Diezic was able to jump out of the car and run into the bar.

{¶ 6} The trial court ultimately found Sohrabi guilty of all five counts and sentenced him to a total of five years in prison. The trial court further informed Sohrabi that he was subject to a mandatory term of five years of postrelease control. Sohrabi now appeals his convictions, raising the following single assignment of error:

{¶ 7} "The trial court erred by not granting defendant's motion for acquittal pursuant to Crim.R. 29."

{¶ 8} Under this assignment of error, however, Sohrabi challenges only his convictions for robbery and kidnapping. He raises no challenge to his conviction for impersonating a police officer.

## Sufficiency of the Evidence

{¶ 9} The test an appellate court must apply in reviewing a challenge based on a denial of a Crim.R. 29 motion is the same as a challenge based on sufficiency of the evidence

to support a conviction. *State v. Lopez*, 8th Dist. No. 94312, 2011-Ohio-182. When an appellate court reviews a record upon a sufficiency challenge, "'the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" *State v. Leonard*, 104 Ohio St.3d 54, 2004-Ohio-6235, 818 N.E.2d 229, ¶77, quoting *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.

{¶ 10} Sohrabi argues that the state failed to present sufficient evidence of him "attempting or committing a theft offense" to sustain a robbery conviction under R.C. 2911.02(A)(2). Specifically, Sohrabi contends that the state failed to produce any evidence that he "obtained any property from Leo Vovk or Jim Diezic," thereby failing to satisfy the "theft" component of the offense.

{¶ 11} Our review of the record reveals, however, that Sohrabi did, in fact, take Diezic's wallet while impersonating a police officer. He likewise ordered Diezic to empty the contents of his pocket, which included approximately $100, onto the hood of the vehicle. This evidence clearly refutes Sohrabi's claim that the state failed to produce any evidence that he obtained or exerted control over any property from Diezic.

{¶ 12} To the extent that Sohrabi did not physically obtain any property from Vovk, "R.C. 2911.02(A) does not require that the theft offense actually be committed in order to

sustain a robbery conviction." *State v. Johns*, 8th Dist. No. 90811, 2008-Ohio-5584, ¶16. Rather, the statute provides that a person can commit robbery while attempting to commit a theft offense. Id. Here, the record clearly supports the inference that Sohrabi attempted to steal from Vovk. Vovk testified that Sohrabi searched his pockets and further asked for his money and identification. The evidence further reveals that Vovk allowed Sohrabi to search his pockets because he believed him to be a police officer. The mere fact that Sohrabi was not successful in his theft offense does not preclude a conviction of robbery under the statute.

{¶ 13} Therefore, construing this evidence in a light most favorable to the state, we cannot say that the trial court erred in denying Sohrabi's Crim.R. 29 motion for acquittal as to the robbery counts.

{¶ 14} Sohrabi was also convicted of two counts of kidnapping under R.C. 2905.01(A)(2), which provides that "[n]o person, by force, threat, or deception * * * shall remove another from the place where the other person is found or restrain the liberty of the other person * * * [t]o facilitate the commission of any felony." Sohrabi contends that the kidnapping counts cannot stand because the state failed to produce sufficient evidence of the robbery, which was an essential element of the kidnapping counts. But given that we have found sufficient evidence to sustain the robbery counts, we find Sohrabi's argument to lack merit.

{¶ 15} The sole assignment of error is overruled.

Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY J. BOYLE, PRESIDING JUDGE

COLLEEN CONWAY COONEY, J., and
KENNETH A. ROCCO, J., CONCUR