[Cite as *Cleveland v. Clay*, 2017-Ohio-5815.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 104985**

## CITY OF CLEVELAND

PLAINTIFF-APPELLEE

vs.

## DEREL CLAY

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cleveland Municipal Court
Case No. 2015 CRB 019172

**BEFORE:** Laster Mays, J., Kilbane, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** July 13, 2017

-i-

**ATTORNEY FOR APPELLANT**

Michael B. Telep
4438 Pearl Road
Cleveland, Ohio 44109


**ATTORNEYS FOR APPELLEE**

Barbara Langhenry
City of Cleveland Law Director

Kimberly Barnett
Chief Prosecutor

By:   Aric Kinast
Assistant City Prosecutor
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

ANITA LASTER MAYS, J.:

**{¶1}** Defendant-appellant, Derel Clay ("Clay"), appeals his guilty verdict and asks this court to reverse his conviction and vacate his sentence. We affirm.

**{¶2}** Clay entered a plea of no contest to an amended charge of aggravated disorderly conduct. After the plea colloquy, Clay orally requested to withdraw his plea. The trial court granted his motion, and a bench trial was held. Clay was found guilty of assault, a first-degree misdemeanor in violation of Cleveland Codified Ordinance 621.03. He was sentenced to 180 days in jail, with 176 days suspended.

## I.     Facts

**{¶3}** Clay and Natasha Parrish ("Parrish") had been dating since April 2015. On or about August 30, 2015, Parrish stated that Clay came home late from work. Parrish stated that she and Clay were drinking alcohol together and another man's name was mentioned. Clay then accused Parrish of cheating on him. Parrish stated that Clay became physically aggressive when he punched her and pushed her against a freezer causing her to cut her lip. As a result of the physical altercation between Clay and Parrish, Parrish was taken to the hospital by ambulance. Parrish received about four stitches to her lip.

**{¶4}** Clay stated that he arrived home late from work and Parrish was angry. He stated that Parrish was inebriated and became physically aggressive with him. He also

stated that he was completely sober that evening. Clay testified that Parrish fell into the freezer when he pushed her away from him to prevent injury and leave the residence. Clay stated that he was also injured that evening. Clay stated that Parrish tried to "gash" him and bit him on the shoulder. Clay went to the hospital but did not want to press charges. Parrish also went to the hospital that evening. Clay learned about eight months later that charges were filed against him for this incident.

{¶5} Parrish filed a police report, and the city of Cleveland filed a complaint against Clay for assault. After learning of the charges, Clay turned himself in. After entering a not guilty plea, a bench trial was set for June 20, 2016. On the trial date, Clay indicated that he wanted to plead no contest and consent to a finding of guilt to an amended charge of aggravated disorderly conduct. During the plea proceedings, the judge indicated that pleading to the amended charge meant that Clay would have to take responsibility for his actions. Clay decided not to plead, and opted for a bench trial on the assault charge. The judge found Clay guilty of assault and sentenced him to 180 days with 176 days suspended. Clay filed this timely appeal and asserts two assignments of error for our review.

I.      The appellant was denied due process of law and a fair trial as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution when the judge failed to disqualify herself after demonstrating that her impartiality might reasonably be questioned; and

II.     The trial court erred when it convicted the defendant of assault when the verdict was against the manifest weight of the evidence beyond a reasonable doubt.

**II.    Judge Impartiality and Disqualification**

**A.    Standard of Review**

**{¶6}** Clay argues that the trial judge's impartiality could be questioned, the judge was biased toward him, and should have disqualified herself.

> Due process requires that a criminal defendant be tried before an impartial judge. *State v. Hough*, 8th Dist. Cuyahoga Nos. 98480 and 98482, 2013-Ohio-1543, 990 N.E.2d 653, citing *State v. LaMar*, 95 Ohio St.3d 181, 2002-Ohio-2128, 767 N.E.2d 166, ¶ 34. If the record evidence indicates that the trial was infected by judicial bias, the remedy is a new trial. *State v. Dean*, 127 Ohio St.3d 140, 2010-Ohio-5070, 937 N.E.2d 97, ¶ 2. Judicial bias is defined as "a hostile feeling or spirit of ill will or undue friendship or favoritism toward one of the litigants or his attorney, with the formation of a fixed anticipatory judgment on the part of the judge * * * ." *Id*. at ¶ 48, quoting *Pratt v. Weygandt*, 164 Ohio St. 463, 132 N.E.2d 191 (1956), paragraph four of the syllabus. Judicial bias is "contradistinguished from an open state of mind which will be governed by the law and the facts." *Id*., quoting *Pratt* at paragraph four of the syllabus.

*State v. Eisermann*, 8th Dist. Cuyahoga No. 100967, 2015-Ohio-591, ¶ 95.

**B.    Law and Analysis**

**{¶7}** In Clay's first assignment of error, he contends that he was denied due process of law and a fair trial as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution when the judge failed to disqualify herself after demonstrating that her impartiality might reasonably be questioned. "It is well settled that a criminal trial before a biased judge is fundamentally unfair and denies a defendant due process of law. *State v. LaMar*, 95 Ohio St.3d 181, 2002-Ohio-2128, 767 N.E.2d 166, ¶ 34, citing *Rose v. Clark*, 478 U.S. 570, 577, 106 S.Ct. 3101, 92 L.Ed.2d 460 (1986)." *State v. Jackson*, 8th Dist. Cuyahoga No. 104132, 2017-Ohio-2651, ¶ 80.

However, Clay has not demonstrated that the trial judge was biased toward him. If Clay determined that the judge was indeed biased toward him, he could have filed an affidavit of disqualification.

> Under R.C. 2701.03(A), when a party believes that the trial judge is biased, the proper avenue for redress is the filing of an affidavit of disqualification. See Section 5(C), Article IV, Ohio Constitution. "An affidavit of disqualification must be filed as soon as possible after the incident giving rise to the claim of bias and prejudice occurred or affiant becomes aware of circumstances that support disqualification. A party may be considered to have waived its objection to the judge when the objection is not raised in a timely fashion and the facts underlying the objection have been known to the party for some time." *In re Disqualification of O'Grady*, 77 Ohio St.3d 1240, 1241, 674 N.E.2d 353 (1996).

*State v. Were*, 118 Ohio St.3d 448, 2008-Ohio-2762, 890 N.E.2d 263, ¶ 56.

{¶8} Clay points to a section of the transcript where the judge informs him that he must take responsibility for his actions. During the plea, the judge asked Clay what happened the night of the assault. Clay responded, "Well, I pretty much — nothing. I — she — I actually got the police called on me. I guess it was supposed to be a Domestic Violence." (Tr. 4.) To which the judge replied, "We're beyond the guessing stage. It's not whether it's supposed. I'm asking you as you stand before this Court, ready to enter a plea, this process requires you to take responsibility." Clay then stated, "I understand." (Tr. 4.)

{¶9} Clay also stated that the city did not show proof of the victim's injuries, yet the judge requested proof of his injuries through a medical report when he had no burden to prove his injuries. (Tr. 11.) Additionally, the judge reminded Clay that he could have been charged with a felony.

COURT:　　And, the Probation Department will contact you. If she needed stitches, you could have been charged with a felony.

CLAY:　　I understand that.

COURT:　　If you understand that, there is a period, not a comma. Again, I'm asking you what medical attention, what injuries, did you sustain July 7th at 10:30?

(Tr. 19.)

**{¶10}** After a review of the record, we do not find that the trial judge's comments fostered a spirit of ill will toward Clay or favoritism toward the victim. Additionally, an objection was not made at the trial court hearing because these facts were known to Clay for some time. Clay failed to file an affidavit of disqualification against the trial judge; therefore, he waived his objection to the judge. *Id*. at ¶ 56. Clay's first assignment of error is overruled.

## III.　Manifest Weight of the Evidence

### A.　Standard of Review

**{¶11}** Clay claims that his conviction is against the weight of the evidence.

A manifest weight challenge attacks the credibility of the evidence presented and questions whether the state met its burden of persuasion at trial. *State v. Whitsett*, 8th Dist. Cuyahoga No. 101182, 2014-Ohio-4933, ¶ 26, citing *Thompkins*, 78 Ohio St.3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541; *State v. Bowden*, 8th Dist. Cuyahoga No. 92266, 2009-Ohio-3598, ¶ 13. Because it is a broader review, a reviewing court may determine that a judgment of a trial court is sustained by sufficient evidence, but nevertheless conclude that the judgment is against the weight of the evidence.

*State v. Wynn*, 8th Dist. Cuyahoga No. 103824, 2017-Ohio-4062, ¶ 48.

**{¶12}** Also,

[w]hen considering an appellant's claim that a conviction is against the manifest weight of the evidence, the court of appeals sits as a "thirteenth juror" and may disagree with the factfinder's resolution of conflicting testimony. *Thompkins* at 387, quoting *Tibbs v. Florida*, 457 U.S. 31, 42, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982). The reviewing court must examine the entire record, weigh the evidence and all reasonable inferences, consider the witnesses' credibility, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *Thompkins* at 387, citing *State v. Martin*, 20 Ohio App.3d 172, 485 N.E.2d 717 (1st Dist.1983). In conducting such a review, this court remains mindful that the credibility of witnesses and the weight of the evidence are matters primarily for the trier of fact to assess. *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraphs one and two of the syllabus. Reversal on manifest weight grounds is reserved for the "exceptional case in which the evidence weighs heavily against the conviction." *Thompkins* at 387, quoting *Martin*, *supra*.

*Id.* at ¶ 49.

## B. Law and Analysis

**{¶13}** In Clay's second assignment of error, he argues that the trial court erred when it convicted him of assault when the verdict was against the manifest weight of the evidence beyond a reasonable doubt.

In evaluating a challenge to the verdict based on the manifest weight of the evidence in a bench trial, "the trial court assumes the fact-finding function of the jury. Accordingly, to warrant reversal from a bench trial under a manifest weight of the evidence claim, this court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether in resolving conflicts in evidence, the trial court clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered." *Cleveland v. Welms*, 169 Ohio App.3d 600, 2006-Ohio-6441, 863 N.E.2d 1125, citing *Thompkins*.

*State v. Johns*, 8th Dist. Cuyahoga No. 90811, 2008-Ohio-5584, ¶ 11.

**{¶14}** Clay was convicted of assault, in violation of Cleveland Codified Ordinance 621.03, that states, "[n]o person shall knowingly cause or attempt to cause physical harm to another." Clay admits to pushing Parrish. Parrish sustained an injury.

> STATE: So, how did she sustain the injury to her lip?
>
> CLAY: By me pushing her off of me.

(Tr. 35-36.)

**{¶15}** The judge heard the testimony, reviewed the evidence, and determined that Clay was guilty of assault. Clay has not demonstrated that the trial court lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. Clay's second assignment of error is overruled.

**{¶16}** Judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution. The appellant's conviction having been affirmed, any bail pending appeal is terminated.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

MARY EILEEN KILBANE, P.J., and
SEAN C. GALLAGHER, J., CONCUR