[Cite as *State v. Richmond*, 2012-Ohio-2511.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97616**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DEMETRIUS RICHMOND

DEFENDANT-APPELLANT

**JUDGMENT:
AFFIRMED**

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-540291

**BEFORE:**   Blackmon, A.J., Sweeney, J., and Jones, J.

**RELEASED AND JOURNALIZED:**   June 7, 2012

**ATTORNEY FOR APPELLANT**

Paul Mancino, Jr.
75 Public Square
Suite 1016
Cleveland, Ohio 44113-2098


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

By: Daniel T. Van
Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, A.J.:

**{¶1}** Appellant Demetrius Richmond appeals the trial court's denial of his petition for postconviction relief and assigns the following four errors for our review:

> **I.   Defendant was denied due process of law when the court dismissed the postconviction petition based on res judicata.**
>
> **II.   Defendant was denied due process of law when the court dismissed the petition without any motion being filed.**
>
> **III.   Defendant was denied due process of law when the court relied on its recollection on different cases to dismiss the petition for postconviction relief.**
>
> **IV.   Defendant was denied due process of law when the court failed to grant relief as defendant was denied effective assistance of counsel.**

**{¶2}** Having reviewed the record and pertinent law, we affirm the trial court's decision.   The apposite facts follow.

**{¶3}** Richmond was originally indicted on August 7, 2009 under Case No. CR-526370 and charged for one count of rape and kidnapping.   While that case was pending,  Richmond was indicted under Case No. CR-534963 and charged with five counts of endangering children, one count of domestic violence, and one count of felonious assault.   Both of those cases were dismissed, and Richmond  was reindicted under Case No. CR-540291, which is the case subject of this appeal.   This case included the counts from the other two cases, along with two additional counts of endangering children.   The felonious assault, rape, and kidnapping charges had a notice of prior conviction and repeat violent offender specifications.   The kidnapping charge also had sexual motivation and sexually violent predator specifications.

**{¶4}** The charges arose from Richmond physically and sexually abusing his girlfriend's son over a period of several years. Following a five day trial, the jury found Richmond guilty on all counts. The trial court sentenced him to an aggregate term of 28 years in prison.

**{¶5}** Richmond filed a direct appeal; this court affirmed in part, reversed in part, and remanded for a limited sentencing hearing. *State v. Richmond*, 8th Dist. No. 96155, 2011-Ohio-6450. While the prior appeal was pending, Richmond filed a petition for postconviction relief, which was devoted entirely to his argument that his right to a speedy trial was violated. The trial court denied the petition.

## Speedy Trial

**{¶6}** Richmond's first and fourth assigned errors will be addressed together because they both concern Richmond's argument that the trial court erred by finding Richmond's speedy trial argument was barred by res judicata, and its additional finding that Richmond's speedy trial rights were not violated.

**{¶7}** In his direct appeal, Richmond assigned as error that his counsel was ineffective for failing to move for a dismissal based on lack of a speedy trial. This court overruled his assigned error because Richmond failed to set forth an argument in support of the error.

**{¶8}** Generally, an issue that was or could have been raised on direct appeal is not appealable in a petition for postconviction relief, because it is barred by res judicata. *State v. Steffen*, 70 Ohio St.3d 399, 410, 639 N.E.2d 67 (1994). If an ineffective assistance of counsel issue concerns a matter outside the record, however, an appellate

court cannot consider it on direct appeal because the court can only consider matters contained in the record. *State v. Smith*, 17 Ohio St.3d 98, 101, fn. 1, 477 N.E.2d 1128 (1985). Thus, although ineffective assistance of counsel ordinarily should be raised on direct appeal, res judicata does not bar a defendant from raising this issue in a petition for postconviction relief if the claim is based on evidence outside the record. This principle applies even when the issue of ineffective assistance of counsel was raised on direct appeal. *Id.*

{¶9} Richmond contends that res judicata does not prevent his claim because a determination whether his speedy trial rights were violated involved the consideration of the two other cases he was indicted on but were later dismissed; therefore, because evidence outside the record had to be considered, he would not have been able to present the issue on direct appeal.

{¶10} Even if Richmond is correct on this point, we still find no error in the trial court's denial of his petition. Richmond merely argued in his petition that he was arrested on September 14, 2009, and his trial did not commence until November 8, 2010. He concluded that because he was in jail for over one year, his right to a speedy trial was violated, and his counsel was ineffective for failing to request a dismissal of his indictment.

{¶11} We agree that the dismissal of the two prior cases and Richmond's subsequent reindictment did not restart the time for the sake of his right to a speedy trial when the reindictment was based upon the same set of facts. *State v. Baker*, 78 Ohio St.3d 108, 111, 1997-Ohio-229, 676 N.E.2d 883. However, Richmond did not provide

the trial court with the docket for either of the prior cases. It would have been impossible for the trial court to have ruled on this issue without having the information to determine if continuances were granted on Richmond's behalf, thereby, tolling the time for trial. A petitioner asserting an ineffective assistance of counsel argument in a postconviction relief petition must submit evidence demonstrating counsel's lack of competence and how that lack of competence prejudiced defendant's case. *State v. Pankey*, 68 Ohio St.2d 58, 58, 428 N.E.2d 413 (1981); *State v. Jackson*, 64 Ohio St.2d 107, 413 N.E.2d 819, syllabus (1980). The presentation of competent, relevant, and material evidence dehors the record will defeat the application of res judicata. *See State v. Smith*, 17 Ohio St.3d 98, 477 N.E.2d 1128 (1985). Here, no competent evidence was provided demonstrating that counsel was ineffective for failing to request dismissal of the indictment.

{¶12} Richmond did attach his affidavit in which he stated he was indicted in the two other cases, which were dismissed, and that he was reindicted on the same charges. However, this affidavit does not provide sufficient evidence. Without the dockets from the two prior cases, the court could not determine if Richmond requested any continuances. Therefore, because Richmond failed to provide evidence that his speedy trial rights were violated, the trial court did not err in denying his petition. Accordingly, Richmond's first and fourth assigned errors are overruled.

**Dismissal**

{¶13} In his second assigned error, Richmond argues the trial court erred by dismissing his petition because the state only filed a response brief to the petition and failed to file a motion for summary judgment or dismissal.

{¶14} Although a postconviction proceeding is civil in nature, the specific requirements of R.C. 2953.21 take precedence when they conflict with the Ohio Rules of Civil Procedure. *State v. Fears*, 1st Dist. No. C-990050, 1999 WL 1032592 (Nov. 12, 1999); *State v. Moore*, 1st Dist. No. C 970353, 1998 WL 638353 (Sept. 18, 1998). The statute allows the trial court to dismiss a petition summarily, with or without further submissions from either party, when the petition and the record of the case show that the petitioner is not entitled to relief. *State v. Perry,* 10 Ohio St.2d 175, 226 N.E.2d 104 (1967); *State v. Issa*, 1st Dist. No. C-000793, 2001-Ohio-3910; *State v. Edwards*, 6th Dist. No. L-10-1170, 2010-Ohio-6516, at ¶ 13. Therefore, in spite of the state's failure to file a motion for summary judgment or motion to dismiss, the court can still deny or dismiss the petition based on its own review of the petition. *State v. Houser*, 1st Dist. No. 21555, 2003-Ohio-6811, ¶ 6; *State v. McCaleb*, 11th Dist. No. 2004-L-003, 2005-Ohio-4038, ¶ 18. Moreover, in its response, the state urged the trial court to deny Richmond's petition. Accordingly, Richmond's second assigned error is overruled.

### Reliance on other Cases

{¶15} In his third assigned error, Richmond argues the trial court erred by reviewing the dockets of the two dismissed cases in determining whether Richmond's speedy trial rights were violated.

**{¶16}** We agree the trial court should not have reviewed the dockets because Richmond did not provide them. However, we conclude this was harmless error. As we held in our discussion of the first and fourth assigned errors, Richmond's failure to attach the dockets from the other two cases defeats his petition, because without them, the court could not determine whether his speedy trial rights were violated. Thus, even if the court did not consider the dockets, Richmond's petition would be unsuccessful. Accordingly, Richmond's third assigned error is overruled.

**{¶17}** Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

PATRICIA ANN BLACKMON, ADMINISTRATIVE JUDGE

JAMES J. SWEENEY, J., and
LARRY A. JONES, SR., J., CONCUR