[Cite as *State v. Warren*, 2012-Ohio-4721.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 97837

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DERRICK WARREN

DEFENDANT-APPELLANT

### JUDGMENT:
### REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-551985

**BEFORE:** Celebrezze, P.J., Jones, J., and Cooney, J.

**RELEASED AND JOURNALIZED:** October 11, 2012

**ATTORNEY FOR APPELLANT**

Rick L. Ferrara
2077 East 4th Street
Second Floor
Cleveland, Ohio   44114


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:     Maxwell M. Martin
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., P.J.:

**{¶1}** Defendant-appellant, Derrick Warren, appeals from his sentence imposed in the common pleas court. After careful review of the record and relevant case law, we reverse and remand for a limited resentencing hearing.

**{¶2}** On July 7, 2011, appellant was indicted in an 11-count indictment alleging two counts of attempted murder, in violation of R.C. 2903.02 and 2923.02; two counts of felonious assault, in violation of R.C. 2903.11(A)(2); four counts of kidnapping, in violation of R.C. 2905.01(A)(1); aggravated burglary, in violation of R.C. 2911.11; aggravated robbery, in violation of R.C. 2911.01; and assault, in violation of R.C. 2903.13. The attempted murder, felonious assault, kidnapping, aggravated burglary, and aggravated robbery counts had notices of prior convictions and repeat violent offender specifications attached.

**{¶3}** On December 5, 2011, appellant pled guilty to one count of attempted murder, along with the notice of prior conviction and repeat violent offender specification. Appellant also pled guilty to aggravated burglary, felonious assault, aggravated robbery, and kidnapping. The remaining counts were dismissed.

**{¶4}** On December 22, 2011, the trial court sentenced appellant to ten years on the attempted murder charge, plus five years on the repeat violent offender specification, to run consecutively to the underlying charge. Appellant was sentenced to five years each on the remaining counts. The trial court ran the sentences for the remaining counts

concurrently to each other, but consecutively to the 15 years imposed on the attempted murder charge and repeat violent offender specification, for an aggregate term of imprisonment of 20 years.

{¶5} Appellant now brings this timely appeal, raising one assignment of error for review.

Law and Analysis

{¶6} In his sole assignment of error, appellant argues that the trial court erred when it failed to make statutorily necessitated findings of fact before imposing an enhanced penalty on a repeat violent offender.

{¶7} The General Assembly, through the enactment of House Bill 86 ("H.B. 86"), recently amended Ohio's sentencing statutes. Since H.B. 86 took effect on September 30, 2011, and appellant was sentenced on December 22, 2011, the trial court was required to sentence appellant according to the revisions implemented in H.B. 86.[1]

{¶8} Preliminarily, we note that appellant does not challenge the constitutionality of the revised portions of R.C. 2929.14(B)(2)(a) following the enactment of H.B. 86. Accordingly, we limit our review to appellant's arguments concerning whether the trial court adequately complied with the requirements of R.C. 2929.14(B)(2)(a).

---

[1] We note, however, that pursuant to Section 4 of H.B. 86 and R.C. 1.58, the revisions made by H.B. 86 to the felony sentencing guidelines in Section (A) of R.C. 2929.14 do not apply to appellant in this matter. Appellant committed the underlying offenses before September 30, 2011, and was not subject to a "reduced" penalty under the H.B. 86 revisions. Therefore, the maximum sentence appellant could receive for his felony of the first degree was ten years in prison and not eleven years, as revised.

{¶9} Pursuant to R.C. 2929.14(B)(2)(a), in addition to the longest prison term authorized for the offense, the sentencing court may impose an additional definite prison term of one, two, three, four, five, six, seven, eight, nine, or ten years for the repeat violent offender specification, if all of the following criteria are met:

(i) The offender is convicted of or pleads guilty to a specification of the type described in section 2941.149 of the Revised Code that the offender is a repeat violent offender.

(ii) The offense of which the offender currently is convicted or to which the offender currently pleads guilty is * * * any felony of the first degree that is an offense of violence and the court does not impose a sentence of life imprisonment without parole.

(iii) The court imposes the longest prison term for the offense that is not life imprisonment without parole.

(iv) The court finds that the prison terms imposed * * * are inadequate to punish the offender and protect the public from future crime, because the applicable factors under section 2929.12 of the Revised Code indicating a greater likelihood of recidivism outweigh the applicable factors under that section indicating a lesser likelihood of recidivism.

(v) The court finds that the prison terms imposed * * * are demeaning to the seriousness of the offense, because one or more of the factors under section 2929.12 of the Revised Code indicating that the offender's conduct is more serious than conduct normally constituting the offense are present, and they outweigh the applicable factors under that section indicating that the offender's conduct is less serious than conduct normally constituting the offense.

{¶10} In the case at hand, appellant pled guilty to attempted murder, a first-degree felony that is an offense of violence, and its accompanying repeat violent offender specification. At sentencing, the trial court sentenced appellant to the maximum term of imprisonment on the attempted murder count. Thus, the criteria contained in R.C. 2929.14(B)(2)(a)(i), (ii), and (iii) are met in the instant matter.

**{¶11}** In addressing the finding requirements of R.C. 2929.14(B)(2)(a)(iv) and (v), the trial court stated the following:

> Defendant has a prior history here. Much violence, activities in the past. In 1990, in 2003. I believe the seriousness of this offense warrants an additional five years. Repeat violent offender specification, that's 15 years total on count one.

**{¶12}** On this record, we find that the trial court's statements failed to comply with the finding requirements of R.C. 2929.14(B)(2)(a)(iv) and (v). Although the trial court noted that appellant committed a serious offense and that he had a violent criminal history, the court did not find on the record that the maximum sentence was inadequate to protect the public from future crime or to punish appellant because those factors indicated a greater likelihood of recidivism. Additionally, the trial court did not find on the record that the maximum sentence was demeaning to the seriousness of the offense because one or more of the factors under R.C. 2929.12 indicated that appellant's conduct was more serious than conduct normally constituting the offense. Accordingly, we are constrained to reverse and remand for a resentencing hearing on the repeat violent offender specification only.

**{¶13}** Appellant's assignment of error is sustained.

**{¶14}** Appellant's sentence is reversed in part, and this cause is remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for sentencing.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

LARRY A. JONES, SR., J., and
COLLEEN CONWAY COONEY, J., CONCUR