[Cite as *State v. Richmond*, 2013-Ohio-2887.]
[Please see vacated opinion at 2013-Ohio-2333.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98915**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DEMETRIUS RICHMOND

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED IN PART,
REVERSED IN PART, AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-540291

**BEFORE:** S. Gallagher, P.J., Keough, J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** July 3, 2013

**ATTORNEY FOR APPELLANT**

Paul Mancino, Jr.
75 Public Square
Suite 1016
Cleveland, OH   44113-2098


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: William Leland
        Daniel T. Van
Assistant Prosecuting Attorneys
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH   44113

ON RECONSIDERATION[1]

---

[1]   The original decision in this appeal, *State v. Richmond*, 8th Dist. No. 98915, 2013-Ohio-2333, released June 6, 2013, is hereby vacated. This opinion, issued upon reconsideration, is the court's journalized decision in this appeal.  *See* App.R. 22(C); *see also* S.Ct.Prac.R. 7.01.

SEAN C. GALLAGHER, P.J.:

{¶1} Appellant Demetrius Richmond appeals from the sentence that was imposed by the trial court following a remand for merger of offenses in *State v. Richmond*, 8th Dist. No. 96155, 2011-Ohio-6450 (*Richmond* I). For the reasons stated herein, we affirm Richmond's sentence, except with regard to the repeat violent offender specification, which we remand for a limited sentencing hearing.

{¶2} In July 2010, Richmond was charged under an 11-count indictment with offenses that arose from Richmond's physical and sexual abuse of his girlfriend's son over a period of several years. The charges included domestic violence, multiple counts of endangering children, felonious assault, rape, and kidnapping. The indictment also included sexually violent predator, repeat violent predator, and sexual motivation specifications. Richmond was found guilty of all counts and sentenced to an aggregate term of 28 years in prison.

{¶3} On direct appeal in *Richmond* I, this court affirmed in part, reversed in part, and remanded for a limited sentencing hearing to address the issues of merger of allied offenses and court costs. The underlying facts of the case are detailed in *Richmond* I and incorporated herein.

**{¶4}** Richmond also filed a petition for postconviction relief relating to his speedy trial rights that was denied by the trial court. This court affirmed that ruling in *State v. Richmond*, 8th Dist. No. 97616, 2012-Ohio-2511.

**{¶5}** Upon remand from *Richmond* I, the state elected to merge Counts 1 through 3 into Count 1, Counts 4 through 7 into Count 7, and Counts 8 through 11 into Count 8. The trial court sentenced Richmond to eight years on Count 1, felonious assault, plus an additional ten years for the repeat violent offender specification; a consecutive ten-year sentence on Count 8, rape; and a concurrent five-year sentence on Count 7. The court imposed an aggregate term of 28 years in prison, included mandatory 5 years of postrelease control, imposed court costs, and classified Richmond as a Tier III sex offender.

**{¶6}** Richmond timely filed this appeal from the sentence imposed upon remand. He raises nine assignments of error for our review. His first assignment of error provides as follows:

> I. Defendant was denied due process of law when the court imposed consecutive sentence in violation of statutory law.

**{¶7}** Richmond asserts that the trial court was statutorily precluded from imposing consecutive sentences. He asserts that none of the provisions that authorize consecutive sentences are applicable and, therefore, his sentence is not authorized by law. At the time of Richmond's sentencing in August 2012, R.C. 2929.41(A), provided as follows:

> Except as provided in division (B) of this section, division (E) of section 2929.14, or division (D) or (E) of section 2971.03 of the Revised Code, a

prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state, another state, or the United States. Except as provided in division (B)(3) of this section, a jail term or sentence of imprisonment for misdemeanor shall be served concurrently with a prison term or sentence of imprisonment for felony served in a state or federal correctional institution.

{¶8} This court has previously found the statute's failure to reflect the renumbering of the judicial fact-finding requirements for consecutive sentencing from R.C. 2929.14(E) to R.C. 2929.14(C) is a typographical error. *State v. Simonoski*, 8th Dist. No. 98496, 2013-Ohio-1031, ¶ 6; *State v. Walker*, 8th Dist. No. 97648, 2012-Ohio-4274, ¶ 81, fn. 2; *State v. Ryan*, 8th Dist. No. 98005, 2012-Ohio-5070, 980 N.E.2d 553. "In fact, the legislature made its intent clear by recently amending the section in September 2012, to change the (E) to (C)." *Simonoski* at ¶ 7.

{¶9} Accordingly, we overrule Richmond's first assignment of error.

{¶10} Richmond's second assignment of error provides as follows:

II. Defendant was denied due process of law when the court imposed consecutive sentences without appropriate findings.

{¶11} Richmond claims that the trial court failed to comply with H.B. 86 when it imposed consecutive sentences and asserts that the trial court was required to make specific findings pursuant to R.C. 2929.14(C)(4). R.C. 2929.14(C)(4) provides that a court may issue consecutive prison terms if the court finds (1) "the consecutive service is

necessary to protect the public from future crime or to punish the offender," (2) "that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public," and (3) one of three enumerated factors applies to the offender. R.C. 2929.14(C)(4)(a)–(c).

{¶12} Richmond acknowledges that the trial court found the requirements for consecutive sentences were met, but complains that the court failed to articulate specific findings. We find no merit to this argument. Although R.C. 2929.14(C)(4), as amended by H.B. 86, requires the court to make certain findings before issuing consecutive prison terms, "a sentencing judge need only make the required statutory findings under R.C. 2929.14(C)(4) — there is no need for the court to state the reasons underlying those findings." *State v. Jarrett*, 8th Dist. No. 98759, 2013-Ohio-1663, ¶ 5. As this court recognized in *Simonoski,* 8th Dist. No. 98496, 2013-Ohio-1031, at ¶ 20:

> There was no reason for the court to state its reasons for the findings. The General Assembly deleted R.C. 2929.19(B)(2)(c) in H.B. 86. This was the provision in S.B. 2 that had required sentencing courts to state their reasons for imposing consecutive sentences on the record. Accordingly, a trial court is not required to articulate and justify its findings at the sentencing hearing. Thus, although a trial court is free to articulate or justify its findings, there is no statutory requirement that it do so. *State v. Goins*, 8th Dist. No. 98256, 2013-Ohio-263, ¶ 11.

{¶13} In any event, a review of the record herein shows that the trial court articulated its findings:

> [E]ither pre or post H.B. 86, [the] Court does find the harm was so great that a single term does not adequately reflect the seriousness of the conduct.
>
> And, [defense counsel], you indicated that these weren't the worst type of offenses. There was nothing about the victim's behavior, a young boy, that would have provoked anyone to harm him. However, your client

not only threw him out of the shower, breaking his arm, he refused to give him the medical attention he needed afterwards for it. He then committed a rape offense sometime later.

And, the offense of rape, anal rape of a child is, in this Court's opinion, the worst form of the offense of rape.

So, I think the behavior in this case clearly justifies consecutive sentences, necessary to protect the public from future crime by this Defendant and to punish his conduct. And is not disproportionate with other sentences. * * * 28 years for anal rape and broken arm of a young victim is certainly appropriate.

{¶14} Because the trial court made appropriate findings in compliance with R.C. 2929.14(C), we overrule Richmond's second assignment of error.

{¶15} Richmond's third assignment of error provides as follows:

III. Defendant was denied due process of law when the court imposed maximum consecutive sentences along with an additional sentence for repeat violent offender specification and failing to make the required statutory findings.

{¶16} The trial court imposed a sentence of eight years on Count 1 for felonious assault, which was a maximum sentence, plus an additional ten years on the repeat violent offender specification. Richmond argues that the trial court failed to make the necessary findings for imposing the sentence on the repeat violent offender specification.

{¶17} We recognize that the state initially conceded that the trial court erred. However, in a motion for reconsideration of this court's original opinion, the state raised concerns regarding the validity of the reenacted "findings" required for the imposition of

additional prison time for repeat violent offenders under R.C. 2929.14(B)(2)(a)(iv) and (v) as enacted under H.B. 86. We issue this revised opinion to provide clarity on the process moving forward to ensure both this opinion and *State v. Warren*, 8th Dist. No. 97837, 2012-Ohio-4721, are not misunderstood on this subject.

{¶18} The state reads the Supreme Court of Ohio's decision in *State v. Hodge,* 128 Ohio St.3d 1, 2010-Ohio-6320, 941 N.E.2d 768 (putting the ball back in the legislature's hands with respect to required "findings"), to be narrowly confined to consecutive sentences. Thus, it views the enactment in H.B. 86 reviving the required "findings" for repeat violent offenders to be unconstitutional pursuant to *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470.

{¶19} The state failed to raise this issue in the trial court below and failed to raise this issue in the initial appeal. Arguably, R.C. 2953.08(B) authorizes the state to appeal sentences that are "contrary to law." Whether the renewed "findings" requirement for repeat violent offenders under H.B. 86 runs afoul of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), or *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and is thus "contrary to law," is an argument for another day.

{¶20} Because the constitutionality of the revised portions of R.C. 2929.14(B)(2)(a)(iv) and (v) following the enactment of H.B. 86 was not raised by Richmond or properly asserted by the state, we have limited our review and need not

reach an ultimate determination of the issue.   We shall proceed to address the trial court's compliance with the requirements of R.C.  2929.14(B)(2)(a).

**{¶21}** Pursuant to R.C. 2929.14(B)(2)(a), in addition to the longest prison term authorized for the offense, the sentencing court may impose an additional definite prison term of one, two, three, four, five, six, seven, eight, nine, or ten years for the repeat violent offender specification, if all of the following criteria are met:

> (i) The offender is convicted of or pleads guilty to a specification of the type described in section 2941.149 of the Revised Code that the offender is a repeat violent offender.
>
> (ii) The offense of which the offender currently is convicted or to which the offender currently pleads guilty is * * * any felony of the first degree that is an offense of violence and the court does not impose a sentence of life imprisonment without parole.
>
> (iii) The court imposes the longest prison term for the offense that is not life imprisonment without parole.
>
> (iv) The court finds that the prison terms imposed * * * are inadequate to punish the offender and protect the public from future crime, because the applicable factors under section 2929.12 of the Revised Code indicating a greater likelihood of recidivism outweigh the applicable factors under that section indicating a lesser likelihood of recidivism.
>
> (v) The court finds that the prison terms imposed * * * are demeaning to the seriousness of the offense, because one or more of the factors under section 2929.12 of the Revised Code indicating that the offender's conduct is more serious than conduct normally constituting the offense are present, and they outweigh the applicable factors under that section indicating that the

offender's conduct is less serious than conduct normally constituting the offense.

**{¶22}** In this case, Richmond was convicted of felonious assault, a first-degree felony that is an offense of violence, and its accompanying repeat violent offender specification. The trial court sentenced Richmond to the maximum term of imprisonment on the felonious assault count. Because the trial court failed to address the finding requirements of R.C. 2929.14(B)(2)(a)(iv) and (v), we must reverse and remand for a resentencing hearing on the repeat violent offender specification only. *See State v. Warren*, 8th Dist. No. 97837, 2012-Ohio-4721, ¶ 12.

**{¶23}** Richmond's fourth assignment of error provides as follows:

IV. Defendant was denied due process of law when the court imposed a maximum consecutive sentence based upon an unconstitutional judicial fact-finding.

**{¶24}** Richmond claims the trial court's statements with regard to his conduct against the young victim constituted unconstitutional judicial fact-finding. The subject statements are contained in the dialogue set forth under the second assignment of error and were made in the context of justifying the court's findings supporting the imposition of consecutive sentences. While trial courts are no longer required to articulate reasons for imposing consecutive sentences, they are free to do so. *State v. Goins*, 8th Dist. No. 98256, 2013-Ohio-263, ¶ 11. Accordingly, we overrule Richmond's fourth assignment of error.

**{¶25}** Richmond's fifth assignment of error provides as follows:

V. Defendant was denied due process of law when the court imposed maximum consecutive sentences based upon contradicting findings.

{¶26} Richmond claims the trial court failed to make the requisite considerations under R.C. 2929.11 and 2929.12. He further claims that a contradiction is present in the court's journal entry that contains the remark "not worst type of offenses."

{¶27} R.C. 2929.11(A) provides that when a trial court sentences an offender for a felony conviction, it must be guided by the "overriding purposes of felony sentencing." Those purposes are "to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.11(B) requires a felony sentence to be reasonably calculated to achieve the purposes set forth under R.C. 2929.11(A), commensurate with and not demeaning to the seriousness of the crime and its impact on the victim and consistent with sentences imposed for similar crimes committed by similar offenders. R.C. 2929.12 provides a nonexhaustive list of factors a trial court must consider when determining the seriousness of the offense and the likelihood that the offender will commit future offenses.

{¶28} In this case, the transcript reflects that the trial court found consecutive sentences were necessary to protect the public from future crime by Richmond and to punish his conduct. The court also found the sentence was not disproportionate to other sentences. The court also stated in its journal entry that "prison is consistent with the purpose of R.C. 2929.11."

{¶29} Although the journal entry contains the statement "not worst type of offenses," it is apparent from the transcript that the trial court found otherwise. At the

sentencing hearing, the trial court disagreed with defense counsel's position that "these weren't the worst type of offenses." Upon reviewing Richmond's conduct against the young victim, the court specifically found that "the offense of rape, anal rape of a child is, in this Court's opinion, the worst form of the offense of rape." Upon remand, the trial court may amend the sentencing entry nunc pro tunc to reflect that which transpired at the sentencing hearing.

{¶30} Upon the record before us, we cannot conclude that the sentence was improper or contrary to law. Richmond's fifth assignment of error is overruled.

{¶31} Richmond's sixth assignment of error provides as follows:

VI. Defendant was denied due process of law when the court failed to consider defendant's situation in imposing maximum sentences.

{¶32} Richmond claims that the trial court should have considered his behavior during the intervening period from his original sentencing and his resentencing. The record reflects that both defense counsel and Richmond were afforded the opportunity to address the court and offer circumstances for the court's consideration. Further, there is nothing in the record to support Richmond's assertion. Under similar circumstances, we found no merit to a similar argument in *State v. Sutton*, 8th Dist. No. 97132, 2012-Ohio-1054, ¶ 31.

{¶33} Richmond also complains that the trial court imposed the sentence without a presentence investigation report. Crim.R. 32.2(A) provides that "in felony cases the court shall, and in misdemeanor cases may, order a presentence investigation and report before granting probation." The trial court did not impose probation and was not

obligated to order a presentence investigation report prior to imposing a prison term. *See State v. Davis*, 8th Dist. No. 95722, 2011-Ohio-1377, ¶ 9; R.C. 2951.03.

**{¶34}** Accordingly, we reject Richmond's sixth assignment of error.

**{¶35}** Richmond's seventh assignment of error provides as follows:

VII. Defendant was denied due process of law when the court imposed a five year sentence for endangering children on count seven.

**{¶36}** Richmond argues that his sentence for endangering children under R.C. 2919.22(B)(4) should have been for a felony of the third degree, rather than second degree, because there was no finding that the child was under the age of 18.

**{¶37}** R.C. 2919.22(B)(4) provides as follows:

No person shall do any of the following to a child under eighteen years of age: * * * (4) Repeatedly administer unwarranted disciplinary measures to the child, when there is a substantial risk that such conduct, if continued, will seriously impair or retard the child's mental health or development.

A violation of this section is a felony of the second degree if "the violation results in serious physical harm to the child involved." R.C. 2919.22(E)(3).

**{¶38}** Under R.C. 2919.22(B)(4), the victim being under 18 years old is an element of the crime. It is not an aggravating factor for purposes of elevating the offense, as argued by Richmond.

**{¶39}** Our review reflects that the jury was properly instructed on Count 7 for endangering children, which included that the victim was a child under 18. Because the jury verdict reflected serious physical harm, Richmond was found guilty of the offense as

a felony of the second degree. Therefore, his five-year sentence on this count was properly imposed. Richmond's seventh assignment of error is overruled.

**{¶40}** Richmond's eighth assignment of error provides as follows:

VIII. Defendant was denied due process of law when the court failed to properly consider a waiver of court costs as defendant was indigent.

**{¶41}** "[A] trial court may assess court costs against a convicted indigent defendant" who has been convicted of a felony. *State v. White*, 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393, ¶ 8. Further, while waiver of court costs against an indigent defendant is permissible, it is not required. *Id.* at ¶ 14; *State v. Perry*, 8th Dist. No. 97696, 2012-Ohio-3573, ¶ 10. The decision to impose costs will not be reversed absent an abuse of discretion. *Perry* at ¶ 12.

**{¶42}** In imposing court costs in this case, the trial court indicated that Richmond would be in prison for 28 years and would be earning $16 a month in pay. Insofar as Richmond claims that the court failed to notify him that the failure to make timely payments could result in an order that he perform community service, such an advisement would have been impractical given Richmond's lengthy prison term. Further, then R.C. 2947.23(A)(1)(a) had indicated "the failure to give this notice does not affect the court's ability to require community service and, effective March 22, 2013, the trial court is no longer required to give this notice to offenders who receive a prison sentence. *See* 2012 Sub.H.B. 247." *State v. Haney*, 2d Dist. No. 25344, 2013-Ohio-1924, ¶ 21.

**{¶43}** Finding no abuse of discretion or error by the trial court, we overrule Richmond's eighth assignment of error.

**{¶44}** Richmond's ninth assignment of error provides as follows:

IX. Defendant was denied due process of law and subjected to multiple punishments when the court failed to grant defendant appropriate jail time credit.

**{¶45}** Richmond argues that the trial court failed to give him appropriate jail-time credit, reflecting the time between his original sentencing and the time of his resentencing. After this appeal was filed, Richmond filed a motion for jail-time credit that was granted by the trial court and has rendered this assignment of error moot.

**{¶46}** In conclusion, we affirm the judgment of the trial court except with regard to the repeat violent offender specification. Because the trial court failed to address the finding requirements of R.C. 2929.14(B)(2)(a)(iv) and (v), we must reverse and remand for a resentencing hearing on the repeat violent offender specification only.

**{¶47}** Judgment affirmed in part, reversed in part; case remanded.

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
EILEEN T. GALLAGHER, J., CONCUR