[Cite as *State v. Davila*, 2013-Ohio-4922.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99683**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ALCIVIADE DAVILA

DEFENDANT-APPELLANT

**JUDGMENT:**
REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-556457

**BEFORE:** E.T. Gallagher, J., Jones, P.J., and McCormack, J.

**RELEASED AND JOURNALIZED:** November 7, 2013

**ATTORNEY FOR APPELLANT**

Mark R. Marshall
P.O. Box 451146
Westlake, Ohio 44145


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    Erin Stone
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN T. GALLAGHER, J.:

{¶1} Defendant-appellant Alciviade Davila ("Davila") appeals his consecutive sentence. We find merit to the appeal and reverse.

{¶2} Davila was charged with aggravated burglary, kidnapping, robbery, and grand theft of a motor vehicle. Pursuant to a plea agreement, Davila pleaded guilty to abduction and grand theft of a motor vehicle. Davila also agreed to serve a prison sentence and consented to a five-year protection order. After taking Davila's plea, the trial court scheduled a sentencing hearing for a later date at which Davila failed to appear.

{¶3} Davila was subsequently arrested, and the trial court sentenced him to 36 months on the abduction conviction and 18 months on the grand theft conviction to be served consecutively for an aggregate 54-month prison term. Davila filed a timely appeal of the trial court judgment.

{¶4} In his sole assignment of error, Davila argues the trial court erred by imposing consecutive prison terms without making the findings required under R.C. 2929.14(C)(4). We agree.

{¶5} R.C. 2953.08(G)(2) states that when reviewing prison sentences, "[t]he appellate court's standard for review is not whether the sentencing court abused its discretion." Instead, the statute states that if we "clearly and convincingly" find that, (1) "the record does not support the sentencing court's findings under [R.C. 2929.14(C)(4)]" or that, (2) "the sentence is otherwise contrary to law," then we "may increase, reduce, or otherwise modify a sentence * * * or [we] may vacate the sentence and remand the matter

to the sentencing court for resentencing." *State v. Goins*, 8th Dist. Cuyahoga No. 98256, 2013-Ohio-263, ¶ 6, quoting R.C. 2953.08(G)(2).

**{¶6}** R.C. 2929.14(C)(4) requires a sentencing judge to make three separate and distinct findings before imposing consecutive sentences. *State v. Richmond*, 8th Dist. Cuyahoga No. 98915, 2013-Ohio-2887, ¶ 11. First, the trial court must find that "consecutive service is necessary to protect the public from future crime or to punish the offender." R.C. 2929.14(C)(4). Second, the trial court must find that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." *Id.* Finally, the trial court must find that at least one of the following applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under postrelease control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4).

**{¶7}** In this case, the trial court noted that Davila had nine prior convictions for violent crimes including felonious assaults and domestic violence. The court also commented that, according to the police report, Davila threatened to kill the victim 16

times after the police arrived on the scene. Davila told police: "When I get out of jail I am going to kill that b-i-t-c-h, and they can't hold me forever. When they let me go that b-i-t-c-h is dead." Based on these facts, the court found that "consecutive sentences are necessary to protect the public from any criminal activity and, therefore, the Court will order that the sentences be served consecutively."

{¶8} Although it is clear from the record that the court found Davila has a violent past and has made threats to kill the victim in the future, the court failed to make any findings with respect to proportionality. The state argues the proportionality finding is satisfied by virtue of the court's comments regarding the seriousness of the offenses and the danger Davila poses to the public. The state contends we may conclude that the trial court found consecutive sentences were "not disproportionate to the seriousness of the offender's conduct and to the danger of the public" based on the court's findings on the seriousness and recidivism factors.

{¶9} However, we cannot speculate as to what the trial court thought when it imposed the sentence, nor may we infer findings from elsewhere in the record. *State v. Wilson*, 8th Dist. Cuyahoga No. 99331, 2013-Ohio-3915, ¶ 8. Although the trial court is not required to use "talismanic words" when making its findings, it must be clear from the record that the trial court actually made the required statutory findings. *Goins,* 8th Dist. Cuyahoga No. 98256 at ¶ 10. The requirements of R.C. 2929.14(C)(4) are designed to ensure that the trial court engaged in the required analysis. *Id*. It is clear the trial court failed to make a finding that consecutive sentences are not disproportionate to the

seriousness of Davila's conduct or the danger he poses to the public. Therefore, we sustain the sole assignment of error.

**{¶10}** Judgment reversed. The case is remanded to the trial court for resentencing.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

EILEEN T. GALLAGHER, JUDGE

LARRY A. JONES, SR., P.J., and
TIM McCORMACK, J., CONCUR