[Cite as *State v. Steele*, 2014-Ohio-1625.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100129**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DONZELL STEELE

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-12-568940-A

**BEFORE:** E.A. Gallagher, J., Keough, P.J., and McCormack, J.

**RELEASED AND JOURNALIZED:** April 17, 2014

**ATTORNEY FOR APPELLANT**

Michael H. Murphy
20325 Center Ridge Road, Suite 512
Rocky River, OH   44116


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:   Daniel A. Cleary
Assistant County Prosecutor
The Justice Center
1200 Ontario Street, 8th Floor
Cleveland, OH   44113

EILEEN A. GALLAGHER, J.:

**{¶1}** Defendant-appellant Donzell Steele appeals his sentence from the Cuyahoga County Court of Common Pleas. On appeal, Steele challenges the court's imposition of the maximum sentence available and the court's consecutive sentence findings. For the following reasons, we affirm.

**{¶2}** Steele pleaded guilty to involuntary manslaughter in violation of R.C. 2903.04 and aggravated robbery in violation of R.C. 2911.01(A)(1). Both counts contained one-year firearm specifications. The trial court imposed a prison term of 11 years on both counts. The one-year firearm specifications merged and ran consecutive to the 11-year prison term. The trial court ordered the two terms to be served concurrently to each other for a cumulative total of 12 years but consecutive to a sentence imposed upon Steele in a separate case. Steele now appeals.

**{¶3}** Steele's first assignment of error states:

The sentence handed down from the trial court was not commensurate with the crime committed.

**{¶4}** Although referencing the contrary to law standard for sentencing review, Steele asks this court to find his sentence to be arbitrary, capricious and disproportionate to his conduct. We reiterate that this court no longer applies the abuse of discretion standard of *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, when reviewing a felony sentence. *State v. A.H.*, 8th Dist. Cuyahoga No. 98622,

2013-Ohio-2525, ¶ 7. Instead, we follow the standard of review set forth in R.C. 2953.08(G)(2), which provides in relevant part:

> The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
>
> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

{¶5} Steele argues that the trial court erred in imposing the maximum prison terms allowable under R.C. 2929.14(A)(1). This court has previously explained that, "[t]he decision as [to] how long a sentence should be — assuming it falls within a defined statutory range — is a pure exercise of discretion." *State v. Akins*, 8th Dist. Cuyahoga No. 99478, 2013-Ohio-5023, ¶ 16. Trial courts have full discretion to impose a prison sentence within the statutory range. *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, paragraph seven of the syllabus. Apart from any claim that the sentencing judge failed to fulfill a statutorily-mandated obligation before imposing sentence, a sentence falling within the statutory range is unreviewable. *Akins* at ¶ 16.

**{¶6}** In this case, Steele's sentences each fell within the statutory range for first-degree felonies. Furthermore, the record reflects that the trial court considered all required factors of law including the principles and purposes of sentencing under R.C. 2929.11, as well as the seriousness and recidivism factors under R.C. 2929.12.[1] Steele's sentence is not contrary to law and his first assignment of error is overruled.

**{¶7}** Steele's second assignment of error states:

> The trial court's imposition of consecutive sentences violates Ohio Revised Code Section 2953.08.

**{¶8}** Our standard of review for this assignment of error is set forth in R.C. 2953.08(G)(2) as addressed above. R.C. 2929.14(C)(4) authorizes the court to require an offender to serve multiple prison terms consecutively for convictions on multiple offenses. Consecutive sentences can be imposed if the court finds that (1) a consecutive sentence is necessary to protect the public from future crime or to punish the offender and (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. In addition to these two factors, the court must find any of the following:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

---

[1] Relevant to the trial court's analysis under R.C. 2929.12, the trial court noted that a firearm was involved in this offense, that the offense resulted in the death of Steele's younger compatriot, that Steele was arrested three times in four months for situations involving a firearm, that Steele had a prior juvenile offense involving a firearm and that Steele was awaiting sentencing on a separate case at the time of this offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

*Id.*

**{¶9}** Although the use of "talismanic words" is not necessary, it must be clear from the record that the trial court actually made the required statutory findings. *State v. Davila*, 8th Dist. Cuyahoga No. 99683, 2013-Ohio-4922, ¶ 9. In this instance, the record reflects that although the trial court did not set forth "talismanic words," the court nevertheless made each of the findings required by R.C. 2929.14(C)(4) for imposing consecutive terms.

**{¶10}** Steele's second assignment of error is overruled.

**{¶11}** This cause is affirmed.

It is ordered that appellee recover of appellant its costs herein taxed. The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

_____
EILEEN A. GALLAGHER, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
TIM McCORMACK, J., CONCUR