[Cite as *State v. Jennings*, 2017-Ohio-5808.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

## JOURNAL ENTRY AND OPINION
### No. 104625

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## HERMAN JENNINGS

DEFENDANT-APPELLANT

---

## JUDGMENT:
## AFFIRMED IN PART, REVERSED IN PART, AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-581056-B

**BEFORE:** Laster Mays, J., Kilbane, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** July 13, 2017

-i-

**ATTORNEYS FOR APPELLANT**

Mark A. Stanton
Cuyahoga County Public Defender

By:   Erika B. Cunliffe
Assistant County Public Defender
310 Lakeside Avenue, Suite 200
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

By:   Jennifer Lynne O'Malley
Mary M. Dyczek
Blaise D. Thomas
Assistant County Prosecutors
Justice Department, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

ANITA LASTER MAYS, J.:

{¶1} Defendant-appellant, Herman Jennings ("Jennings"), appeals his conviction for felonious assault and his prison sentence, and asks this court to reverse his conviction, vacate his sentence, and remand to the trial court for further proceedings. We affirm in part, reverse in part, and remand.

{¶2} Jennings was found guilty of one count of felonious assault, a second- degree felony in violation of R.C. 2903.11(A)(1), with a repeat violent offender specification. Jennings was sentenced to eight years in prison for the felonious assault count and five years for the repeat violent offender specification, for a total of 13 years in prison.

## I. Facts

{¶3} On September 7, 2013, Jennings was involved in a car accident where the victim, Michael Polichuk ("Polichuk"), rear-ended Jennings. The air bags in Polichuk's car deployed and caused dust to fill the car. The accident caused Polichuk's glasses to be knocked from his face, and the powder from the air bags burned his eyes. Polichuk was pulled from his vehicle by an unknown male. A man with a goatee also approached, and punched Polichuk in the face, knocking him to the ground. The two men rifled through Polichuk's pockets and repeatedly kicked him. An eyewitness, Shatara Madox ("Madox"), called 911 and gave the license plate number of the car Polichuk hit to dispatch. Neither the police nor emergency services responded to the

scene after the 911 call. Another witness then called Polichuk's father, who came to scene and drove Polichuk home.

{¶4} The next morning, Polichuk went to the dentist because his two front teeth were knocked out from the punch. Polichuk also went to an urgent care medical facility where he was diagnosed with a concussion. Polichuk then went to the police station to file a report. Detective Elliot Landrau ("Det. Landrau") took Polichuk's statement and obtained the license plate number from the 911 call. Det. Landrau discovered that the car Polichuk hit was registered to Harold Kyle ("Kyle"). Det. Landrau and his sergeant went to Kyle's address and saw the damaged vehicle in the driveway. Det. Landrau spoke with Kyle, who claimed that he did not know who drove his vehicle the previous night. Det. Landrau had Kyle's vehicle towed.

{¶5} On December 10, 2013, Det. Landrau's sergeant received a phone call from Kyle's wife who told him that her son, Jennings, was driving the car at the time of the accident. Kyle confirmed this with Det. Landrau. Det. Landrau prepared a photo lineup, that included Jennings. The lineup was administered by a blind administrator. Polichuk recognized Jennings as the person who punched him in the mouth.

{¶6} Jennings was arrested and charged. During the trial, the defense called eyewitness Madox to testify. She testified that neither man that she saw attack Polichuk was in the courtroom. At the end of the bench trial, the judge found Jennings guilty of felonious assault and sentenced him to a total of 13 years in prison.

**{¶7}** After sentencing Jennings, the trial court stated,

All right. And pursuant to Revised Code Section 2929.14(C)(4), the Court will make the following findings: Multiple prison terms are being imposed in both Case Nos. 580703 and 581056, and the finding is that these consecutive sentences are necessary to protect the public from future crime, as evidenced by the recitation of Mr. Jennings' prior criminal history by the Assistant County Prosecutor, as well as to punish the offender. And these consecutive sentences are not disproportionate to the seriousness of Mr. Jennings' conduct and the danger he poses to the public. Additionally, if Mr. Jennings did commit these multiple offenses while he was under postrelease control for a prior offense and two or more of the offenses were committed as part of a course of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the costs of conduct would adequately reflect the seriousness of Mr. Jennings' conduct. The history of the prior criminal conduct does demonstrate that consecutive sentences are necessary to protect the public from future crime by the offender.

(Tr. 275-276.)

**{¶8}** Jennings filed this appeal and asserts two assignments of error for our review.

I.      Herman Jennings was deprived of his liberty without due process, because his conviction for felonious assault is contrary to the weight of the evidence presented because it is founded on an unreliable eyewitness identification; and

II.     Herman Jennings's mandatory 13-year sentence, that included a five-year consecutive term imposed based on his repeat violent offender status violates his right to due process because the record does not support its imposition, and the trial court failed to make the finding required before imposing it.

## II.     Manifest Weight of the Evidence

### A.     Standard of Review

**{¶9}** Jennings claims that his conviction is against the weight of the evidence.

A manifest weight challenge attacks the credibility of the evidence presented and questions whether the state met its burden of persuasion at trial. *State v. Whitsett*, 8th Dist. Cuyahoga No. 101182, 2014-Ohio-4933, ¶ 26, citing *Thompkins*, 78 Ohio St.3d at 387, 1997-Ohio-52, 678 N.E.2d 541; *State v. Bowden*, 8th Dist. Cuyahoga No. 92266, 2009-Ohio-3598, ¶ 13. Because it is a broader review, a reviewing court may determine that a judgment of a trial court is sustained by sufficient evidence, but nevertheless conclude that the judgment is against the weight of the evidence.

*State v. Wynn*, 8th Dist. Cuyahoga No. 103824, 2017-Ohio-4062, ¶ 48.

**{¶10}** Also,

[w]hen considering an appellant's claim that a conviction is against the manifest weight of the evidence, the court of appeals sits as a 'thirteenth juror' and may disagree with the factfinder's resolution of conflicting testimony. *Thompkins* at 387, quoting *Tibbs v. Florida*, 457 U.S. 31, 42, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982). The reviewing court must examine the entire record, weigh the evidence and all reasonable inferences, consider the witnesses' credibility, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *Thompkins* at 387, citing *State v. Martin*, 20 Ohio App.3d 172, 20 Ohio B. 215, 485 N.E.2d 717 (1st Dist.1983). In conducting such a review, this court remains mindful that the credibility of witnesses and the weight of the evidence are matters primarily for the trier of fact to assess. *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraphs one and two of the syllabus. Reversal on manifest weight grounds is reserved for the "exceptional case in which the evidence weighs heavily against the conviction." *Thompkins* at 387, quoting *Martin*, *supra*.

*Id.* at ¶ 49.

**B.   Law and Analysis**

**{¶11}** In Jennings's first assignment of error, he contends that his conviction was against the weight of the evidence because it was founded on an unreliable eyewitness identification. Specifically he argues that Polichuk's identification of him because the

aggressor is unreliable because Polichuk suffered from a concussion from the attack and memory loss. Jennings also points to the fact that Madox testified that the man who punched Polichuk was not in the courtroom. However,

> [i]n evaluating a challenge to the verdict based on the manifest weight of the evidence in a bench trial, "the trial court assumes the fact-finding function of the jury. Accordingly, to warrant reversal from a bench trial under a manifest weight of the evidence claim, this court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether in resolving conflicts in evidence, the trial court clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered." *Cleveland v. Welms*, 169 Ohio App.3d 600, 2006-Ohio-6441, 863 N.E.2d 1125, citing *Thompkins*.

*State v. Johns*, 8th Dist. Cuyahoga No. 90811, 2008-Ohio-5584, ¶ 11.

{¶12} Other than pointing out that Polichuk's identification of him may be unreliable, Jennings does not assert how the court, as the factfinder lost its way or created a manifest miscarriage of justice. The judge did not just rely on Polichuk's identification to convict Jennings. Madox called 911 and gave the license plate number of the front vehicle to dispatch. After the police determined that Kyle was the vehicle owner, they went out to the owner's home. The vehicle was at the address with damages consistent with a rear-end accident. Jennings's mother later told the police that Jennings was in possession of the car at the time of the accident, and Kyle corroborated her testimony. The state asked Kyle the following question:

STATE: To the best of your knowledge do you know if Herman Jennings was driving the car that night?

KYLE: I found out later that he was.

(Tr. 180.)

{¶13} The record reveals that the trial court weighed the evidence and considered the witnesses' credibility when it concluded that Jennings was guilty of felonious assault. "We note that the trial court, as the trier of fact, is free to accept or reject all or any part of the testimony of the witnesses and assess the credibility of those witnesses." *Id.* at ¶ 19. Jennings's first assignment of error is overruled.

## III. Sentencing

### A. Standard of Review

{¶14} Jennings alleges that his sentence is unlawful.

> We review felony sentences under the standard set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1, 21-22. Under R.C. 2953.08(G)(2), an appellate court may vacate the imposition of consecutive sentences where it "clearly and convincingly" finds that (1) the record does not support the trial court's findings under R.C. 2929.14(C)(4) or (2) the sentence is "otherwise contrary to law." R.C. 2953.08(G)(2). If a trial court fails to make the findings required under R.C. 2929.14(C)(4), the imposition of consecutive sentences is contrary to law. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37; *State v. Primm*, 8th Dist. Cuyahoga No. 103548, 2016-Ohio-5237, ¶ 66, citing *State v. Balbi*, 8th Dist. Cuyahoga No. 102321, 2015-Ohio-4075, ¶ 4.

*State v. Morris*, 8th Dist. Cuyahoga No. 104013, 2016-Ohio-7614, ¶ 24.

### B. Law and Analysis

{¶15} In Jennings's second assignment of error, he contends that his mandatory sentence, that included a five-year term imposed based on his repeat violent offender status, violates his rights because the record does not support it, and the trial court failed to make the findings required before imposing it. Specifically, Jennings argues that the

trial court must make the necessary findings to explain the imposition of additional time for the repeat violent offender specification. Jennings, however, concedes that he was properly found guilty of the specification, but that the trial court failed to follow R.C. 2929.14(B)(2)(e), which states, "[w]hen imposing a sentence pursuant to division (B)(2)(a) or (b) of this section, the court shall state its findings explaining the imposed sentence."

{¶16} We find that the court did not state its findings on the record. "Because the trial court failed to address the finding requirements of R.C. 2929.14(B)(2)(a)(iv) and (v), we must reverse and remand for a resentencing hearing on the repeat violent offender specification only. *See State v. Warren*, 8th Dist. Cuyahoga No. 97837, 2012-Ohio-4721, ¶ 12." *State v. Richmond*, 8th Dist. Cuyahoga No. 98915, 2013-Ohio-2887, ¶ 22. Jennings's second assignment of error is sustained.

{¶17} Judgment is affirmed in part, reversed in part, and case remanded for further proceedings consistent with this opinion.

It is ordered that the appellee and appellant share costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

MARY EILEEN KILBANE, P.J., and
SEAN C. GALLAGHER, J., CONCUR