JOURNAL ENTRY AND OPINION
{¶ 1} Defendant appeals his conviction for drug trafficking pursuant to R.C. 2925.03(A)(2). For the reasons that follow, we find no merit in defendant's arguments and, therefore, affirm his conviction.
 {¶ 2} On October 5, 2004, the Warrensville Heights Police Department received a 911 telephone call about paint balls being shot inside a nearby apartment building. When police arrived at the scene, they found five to six males, including defendant, in the apartment hallway. As police conducted a safety pat down of defendant, they recovered seventeen small baggies of marijuana wrapped inside a larger bag that had been tucked inside defendant's front pants pocket.
 {¶ 3} Defendant was arrested and charged with drug trafficking and possession of criminal tools. Defendant pled not guilty and proceeded to a jury trial. Defendant was convicted on one count of drug trafficking, a fifth degree felony. He was acquitted on the criminal tools charge. At sentencing, defendant received one year community control sanctions and a one-year driver's license suspension.
 {¶ 4} Defendant filed this timely appeal in which he asserts three assignments of error. Because the first two assignments of error present the same argument, we address them together. Those assignments of error state as follows:
I. THE VERDICT OF GUILTY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
II. THE ELEMENTS OF DRUG TRAFFICKING, ORC 2925.03 WERE NOT PROVEN IN THE WITHIN CASE.
 {¶ 5} Defendant argues that his drug trafficking conviction is against the manifest weight of the evidence because the state did not prove each element of the crime.
 {¶ 6} "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a `thirteenth juror' and disagrees with the factfinder's resolution of the conflicting testimony.'" State v. Lazzaro, Cuyahoga App. No. 84956,2005-Ohio-4118, at ¶ 36, citing State v. Thompkins (1997),78 Ohio St.3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541, citing Tibbsv. Florida (1982) 457 U.S. 31, at 42, 72 L. Ed.2d 652,102 S. Ct. 2211.
 {¶ 7} The Supreme Court has further explained:
[t]he court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.
State v. Braden, 98 Ohio St.3d 354, 2003-Ohio-1325, at ¶ 54,785 N.E.2d 439, citing Thompkins, at 387.
 {¶ 8} In the case at bar, defendant was charged with drug trafficking in violation of R.C. 2925.03(A)(2),[1] which states as follows:
 {¶ 9} No person shall knowingly do any of the following:
* * *
(2) Prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance, when the offender knows or has reasonable cause to believe the controlled substance is intended for sale or resale by the offender or another.
 {¶ 10} At trial, defendant testified to the following. When he was arrested, defendant told police that the seventeen small baggies of marijuana[2] were for his personal use. He claimed he purchased the drugs from one of the other men in the hallway just before police arrived. Defendant typically spends $20.00 per month on marijuana for himself, but that the seventeen bags had cost him $60.00. He admitted that when he usually buys marijuana for himself it comes in one plastic sandwich bag, not individual bags.
 {¶ 11} Patrolman David Ward was the officer who arrested defendant. From his experience as a police officer, individually wrapped baggies of marijuana usually indicate that someone has prepared them so they can be sold on the street to others.
 {¶ 12} Detective Dennis Fossette also testified for the state. He told the jury that the individual bags of marijuana could be sold for $10.00 a piece on the street. Fossette also said that in his years as an officer, he has "never seen anybody buy that many bags for their own personal use." Tr. 109. Fossette confirmed that the only other item confiscated from defendant besides the marijuana baggies was $32.00, which could have been used to make change as the individual bags were sold. Police did not recover any drug paraphernalia such as a pipe or any other drug-related items indicative of personal drug use.
 {¶ 13} From this record, the jury could have decided to believe Ward and Fossette. Defendant's own testimony is easily discountable since there is virtually no evidence to support his claim that the drugs were for his personal use. Defendant admitted that he was carrying three-times the amount of marijuana he typically buys for his own use. He never explained why on the night in question he altered his usual custom of spending only $20.00 for one bag of marijuana instead of $60.00 for seventeen bags.
 {¶ 14} In all, we conclude that the state proved each and every element of the offense of drug trafficking. We conclude that the evidence supports the jury concluding that defendant did knowingly transport the individual bags of marijuana, which he either intended to sell or knew someone else who was going to sell. The jury did not lose its way. Defendant's first and second assignments of error are overruled.
III. DEFENSE COUNSEL'S SILENCE WHEN THE PROSECUTOR MISLEAD THE JURY WITH HIS CLOSING ARGUMENT DEPRIVED CLINTON BLACK OF EFFECTIVE ASSISTANCE OF COUNSEL.
 {¶ 15} Defendant argues that he received ineffective trial counsel because his lawyer did not object to some of the prosecutor's comments during closing argument.
 {¶ 16} To prove "ineffective assistance of counsel," the defendant must show that counsel's performance was deficient and that the deficient performance prejudiced the defense so as to deprive him of a fair trial. Strickland v. Washington (1984),466 U.S. 668, 687, 80 L.Ed. 2d 674, 104 S.Ct. 2052. To warrant reversal, "the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." State v. Bradley (1989), 42 Ohio St.3d 136,538 N.E.2d 373, paragraph three of the syllabus, citingStrickland, 466 U.S. at 694. Judicial scrutiny of a lawyer's performance must be highly deferential. State v. Sallie (1998),81 Ohio St.3d 673, 674, 693 N.E.2d 267.
 {¶ 17} In the case at bar, defendant argues that his trial counsel should have objected when the prosecutor made the following statement during closing argument:
 {¶ 18} [W]e're not suggesting that he's corrupted the community with drugs.
We are simply saying that you have to find the facts and the facts are that he was possessing these drugs in such a form as they were readily able to be distributed and that's it.
Tr. 153. Defendant states that, "That is not the law. Drug trafficking requires selling or offering to sell drugs, ORC2925.03, not possessing or being able to sell as the prosecutor stated. Any possession of drugs makes one `able to sell.' Hence the prosecutor mislead [sic] the jury * * *." Defendant's Brief on Appeal, at 13.
 {¶ 19} Contrary to defendant's claim, R.C. 2925.03(A)(2) does not require a "sale" of drugs. The statute requires evidence that the defendant knowingly transported the 17 individual bags of marijuana in order to sell them himself or to sell them to someone else he knew would sell them to third parties. The prosecutor's statement is perfectly consistent with the section of the statute defendant was charged under. Accordingly, we find no error in what the prosecutor said to the jury. As such, defendant's trial counsel would have had no grounds upon which to advance an objection. Defendant has, therefore, failed to show that his counsel's performance was substandard, or that the outcome of the trial would have been different but for his counsel's performance. Defendant's third assignment of error is overruled and the judgment of the trial court is affirmed.
Judgment accordingly.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., P.J., and George, J.,* concur.
[1] Defendant's brief mistakenly argues that defendant was convicted under section 2925.03(A)(1) of the statute instead of section (A)(2), which the record shows is the correct provision. Despite this error, since this court sits as the "thirteenth juror," we review Assignments of Error I and II and the evidence produced by the state under section (A)(2).
[2] The weight of all the marijuana amounted to 12.93 grams.
* JUDGE JOYCE GEORGE, RETIRED, OF THE NINTH DISTRICT COURT OF APPEALS.