[Cite as *State v. Whitsett*, 2014-Ohio-4933.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 101182

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**ERNEST M. WHITSETT**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-575112-A

**BEFORE:** Boyle, A.J., Keough, J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** November 6, 2014

**ATTORNEY FOR APPELLANT**

Britta M. Barthol
P.O. Box 218
Northfield, Ohio   44067

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:   Joan M. Bascone
Assistant County Prosecutor
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio   44113

MARY J. BOYLE, A.J.:

{¶1} Defendant-appellant, Ernest Whitsett, appeals his conviction for drug trafficking of marijuana. He raises two assignments of error for our review, arguing that his drug trafficking conviction was not supported by sufficient evidence and was against the manifest weight of the evidence. Finding no merit to his appeal, we affirm.

Procedural History and Bench Trial

{¶2} In July 2013, Whitsett was indicted on five counts: two counts of drug trafficking in violation of R.C. 2925.03(A)(2) (PCP and marijuana), two counts of drug possession in violation of R.C. 2925.11(A) (PCP and cocaine), and possessing criminal tools (money). All counts contained a forfeiture specification and the trafficking counts contained a juvenile specification (committing the offense within 100 feet of a juvenile). The possessing criminal tools count contained a furthermore clause that the money was used for drug trafficking. He pleaded not guilty to all charges.

{¶3} Before trial, Whitsett was referred for a competency evaluation. Whitsett was found to be competent but to have a severe drug addiction.

{¶4} Whitsett waived his right to a jury trial, and the following facts were presented to the bench.[1]

{¶5} Gabriel Gibbons, a police officer for the city of Cleveland, testified that on June 5, 2013, he and his partner observed a loud vehicle with excessive muffler noise and a cracked

---

[1]Because Whitsett is only challenging his conviction for drug trafficking in marijuana, we will focus on the facts that were presented for that conviction. The remaining facts will be presented in summary form, rather than detailed form.

windshield pass their patrol car.   They activated their lights and sirens and initiated a traffic stop.

**{¶6}**   Officer Gibbons approached the passenger side of the vehicle.   He was about five feet away from the vehicle when he smelled a strong odor of raw marijuana; the windows on the vehicle were down.   Officer Gibbons said that he made eye contact with his partner and they "mouthed to each other [that] we both smelled marijuana."   When Officer Gibbons reached the rear-passenger door of the vehicle, he could still smell marijuana.

**{¶7}**   Officer Gibbons saw Whitsett in the back seat of the passenger side of the vehicle with a cylindrical object in his pants.   He thought it was a gun, but he later discovered that it was a vial of PCP.   Whitsett's two-year-old child was sitting beside him without a seat belt, and his 15-year-old child was sitting beside the two-year-old child on the driver's side of the car.

**{¶8}**   When they asked Whitsett to get out of the vehicle, Officer Gibbons saw that Whitsett had something in his left pocket and "another large bulge in his right pocket."   Officer Gibbons explained that the bulge in Whitsett's right pocket turned out to be 17 small individually wrapped bags of marijuana and three rocks of cocaine.   In his left pocket, Whitsett had three large bags of marijuana and "a bunch of crumpled up bills" in a sock.   Officer Gibbons explained that the money amounted to $43 dollars "in various denominations all individually crumpled up as if they were payments, individual payments."   Officer Gibbons stated that there was a $20 bill, a $10 bill, two $5 bills, and three $1 bills, crumpled up in individual "balls."   Officer Gibbons explained that the size of the marijuana bags that were found on Whitsett were typically sold for $5 to $10 a bag.

**{¶9}**   Vasile Nan, a police officer for the city of Cleveland, testified mostly about his experience with PCP.   Regarding marijuana, he described the differences between the smell of

raw marijuana versus burnt marijuana. He also testified that "[p]eople that tend to deal [in drugs] tend to have broken down denominations, a little bit of fives, a little bit of singles, fives, tens, twenties." Officer Nan stated that drug dealers do not usually have large bills such as $50 bills or $100 bills.

{¶10} At the close of the state's case, Whitsett moved for a Crim.R. 29 acquittal, which the trial court denied.

{¶11} Whitsett testified on his own behalf. He stated that he had been using drugs for "probably 20 years," including marijuana, cocaine, PCP, ecstacy, and alcohol. Whitsett had been to prison five times due to his drug activity. He also had been in many drug treatment programs as a result of his previous drug-related convictions.

{¶12} Whitsett denied that he was selling drugs on June 5, 2013. He stated that he had purchased all of the drugs that were on his person that day on that same morning. Whitsett explained that all of the drugs cost him about $200. Whitsett further explained that the $200 worth of drugs that he purchased would only last him three or four days.

{¶13} Regarding the $43 that was found crumpled up in his sock, Whitsett stated that he had been planning to give it to his children's mother. The $43 was all that was left from his monthly $700 disability check.

{¶14} The trial court found Whitsett not guilty of trafficking in PCP, but found him guilty of all other counts: trafficking in marijuana with the forfeiture and juvenile specifications, possession of cocaine and PCP with the forfeiture specifications, and possessing criminal tools with the forfeiture specification.

{¶15} The trial court sentenced Whitsett to a total of 30 months in prison: 30 months for possessing PCP, 18 months for trafficking marijuana, one year for possessing cocaine, and one

year for possessing criminal tools, all to be served concurrent with each other. The trial court also ordered that Whitsett forfeit the $43 and notified him that he would be subject to three years of discretionary postrelease control. It is from this judgment that Whitsett appeals.

Sufficiency of the Evidence

{¶16} In his first assignment of error, Whitsett argues that the state failed to present sufficient evidence to convict him of trafficking in marijuana.

{¶17} "'[S]ufficiency' is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law." *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997), citing *Black's Law Dictionary* 1433 (6th Ed.1990). When an appellate court reviews a record upon a sufficiency challenge, "the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶18} R.C. 2925.03(A)(2), trafficking in drugs, provides that no person shall knowingly:

[p]repare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance or a controlled substance analog, when the offender knows or has reasonable cause to believe that the controlled substance or a controlled substance analog is intended for sale or resale by the offender or another person.

{¶19} Whitsett argues that the state "failed to prove that the marijuana was intended for sale." He maintains that because he did not have drug packaging materials, large sums of money, weapons, or a cell phone, there was no evidence that he planned to sell the marijuana.

{¶20} This court addressed this exact issue in a case with very similar facts. *See State v. Black*, 8th Dist. Cuyahoga No. 86193, 2006-Ohio-103. In *Black*, the defendant had "17 small

baggies of marijuana wrapped inside a larger bag that had been tucked inside defendant's front pants pocket." *Id.* at ¶ 2. Police also found $32 on Black's person. When he was arrested, Black told the police officers that the 17 bags of marijuana were for his personal use and that he had purchased the marijuana just before police picked him up.

**{¶21}** On appeal, Black argued that the state did not prove that he was trafficking in drugs. This court found that the state presented sufficient evidence of trafficking because police officers testified that "individually wrapped baggies of marijuana usually indicate that someone has prepared them so they can be sold on the street to others." *Id.* at ¶ 11. Police further testified that "the individual bags of marijuana could be sold for $10 a piece on the street" and that the $32 "could have been used to make change as the individual bags were sold." *Id.* at ¶ 12.

**{¶22}** We find that the evidence was sufficient to convict Whitsett of trafficking in marijuana as the offense includes "transporting or preparing marijuana intended for distribution." *See State v. Greiner*, 7th Dist. Belmont No. 05 BE 27, 2007-Ohio-1390, ¶ 37; R.C. 2925.03(A)(2). In this case, the state presented evidence that Whitsett had 17 individually wrapped smaller bags of marijuana and three larger bags on his person. He also had $43 in his pocket with the small bags of marijuana. Officer Gibbons testified that based on his training and experience, drug users do not typically have 17 small bags of marijuana on them. Officer Gibbons also explained that the small bags of marijuana usually sell on the street for $5 to $10 a bag. And Officer Gibbons testified that the individually crumpled up bills could be used to make change or were for individual payments.

**{¶23}** Accordingly, we find that the state presented sufficient evidence to prove beyond a reasonable doubt that Whitsett was trafficking marijuana.

**{¶24}** Whitsett's first assignment of error is overruled.

Manifest Weight of the Evidence

{¶25} In his second assignment of error, Whitsett maintains that the trial court lost its way when it convicted him of trafficking marijuana. Thus, he contends that his drug trafficking conviction was against the manifest weight of the evidence.

{¶26} Unlike sufficiency of the evidence, a challenge to the manifest weight of the evidence attacks the credibility of the evidence presented. *Thompkins*, 78 Ohio St.3d at 387, 678 N.E.2d 541. Because it is a broader review, a reviewing court may determine that a judgment of a trial court is sustained by sufficient evidence, but nevertheless conclude that the judgment is against the weight of the evidence. *Id.*, citing *State v. Robinson*, 162 Ohio St. 486, 487, 124 N.E.2d 148 (1955).

{¶27} In determining whether a conviction is against the manifest weight of the evidence, the court of appeals functions as a "thirteenth juror." *Id.* In doing so, it must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "'whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *Thompkins* at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). Reversing a conviction as being against the manifest weight of the evidence and ordering a new trial should be reserved for only the "exceptional case in which the evidence weighs heavily against the conviction." *Id.*

{¶28} Whitsett argues that his testimony that the 17 small bags of marijuana were for his personal use was "just as credible as the officer's testimony." He maintains, just as he did in his sufficiency argument, that he did not have weapons, drug packaging material, a cell phone, or large sums of money on his person. He contends that these facts, as well as the fact that he was

found to have a severe drug addiction, supports his argument that his trafficking conviction was against the manifest weight of the evidence.

{¶29} After review, we find that Whitsett's drug trafficking conviction was not against the manifest weight of the evidence.   The fact that Whitsett provided the factfinder with an alternate version of the events does not automatically lead to the conclusion that his conviction was against the manifest weight of the evidence.   The trial court, as the factfinder, was able to listen to each witness presented and judge their respective credibility.   The factfinder was within its province to credit the testimony of Officer Gibbons and discredit Whitsett's testimony.   *State v. Howard*, 4th Dist. Ross No. 07CA2948, 2007-Ohio-6331, ¶ 16.

{¶30} Further, just because Whitsett did not have a cell phone, large sums of money, weapons, or drug packaging material on his person does not establish that he was not selling drugs.   He could have packaged the marijuana at home.   And he was dealing $5 or $10 bags of marijuana; he did not need large sums of money or weapons to protect himself.   Indeed, Officer Nan testified that drug dealers do not usually have large bills such as $50 bills or $100 bills. Moreover, Whitsett was on social security disability and, thus, may not have been able to afford a cell phone.

{¶31} Thus, we find that this is not the "exceptional case in which the evidence weighs heavily against the conviction" such that a new trial should be ordered.   *Thompkins*, 78 Ohio St.3d at 387, 678 N.E.2d 541.

{¶32} Whitsett's second assignment of error is overruled.

{¶33} Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.    The defendant's conviction having been affirmed, any bail pending appeal is terminated.    Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY J. BOYLE, ADMINISTRATIVE JUDGE

KATHLEEN ANN KEOUGH, J., and
PATRICIA ANN BLACKMON, J., CONCUR