[Cite as *Cleveland v. Gosier*, 2016-Ohio-7961.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 103919**

## CITY OF CLEVELAND

PLAINTIFF-APPELLEE

vs.

## TAMMY GOSIER

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cleveland Municipal Court
Case No. 2015CRB010570

**BEFORE:** E.A. Gallagher, J., Keough, P.J., and McCormack, J.

**RELEASED AND JOURNALIZED:** December 1, 2016

**ATTORNEY FOR APPELLANT**

Ronald A. Skingle
6505 Rockside Road
Suite 320
Independence, Ohio 44131


**ATTORNEYS FOR APPELLEE**

Barbara A. Langhenry
City of Cleveland Law Director
BY: Lorraine Coyne
Assistant City Prosecutor
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN A. GALLAGHER, J.:

{¶1} Defendant-appellant Tammy Gosier appeals her conviction and sentence for criminal damaging in the Cleveland Municipal Court. For the following reasons, we affirm.

**Facts and Procedural Background**

{¶2} A complaint was filed against Gosier on May 26, 2015, charging her with criminal damaging in violation of Cleveland Municipal Ordinances 623.02. The case proceeded to a bench trial where the following facts were elicited.

{¶3} On May 20, 2015, Gosier and Andre Barnes were married but in the midst of a divorce. Barnes worked at the Antioch Towers on East 89th and Carnegie Avenue in Cleveland, and his vehicle, a silver BMW, was parked in the parking lot on the property that day. At approximately 1:45 p.m., Edmond Aponte, a maintenance technician at the Antioch Towers, observed Gosier enter the property's parking lot, approach Barnes's vehicle and begin spray painting it with red paint, breaking lights and breaking off the vehicle's side mirrors. A security camera captured the defacing of Barne's vehicle by a person dressed in a black hoodie, black pants and white tennis shoes. The face of the perpetrator though was not discernable from the video. Aponte, however, testified that he recognized Gosier's face beneath the hoodie as she walked onto the property. He recalled previously observing Gosier speaking with Barnes at the property three or four months prior and understood her to be Barnes' wife or girlfriend. Additionally, Aponte identified Gosier in court as the perpetrator he observed on the date of the offense.

{¶4} Upon recognizing Gosier, Aponte attempted to contact Barnes during the time that the offense was being committed but was unable to reach him. Barnes testified that he was eating lunch in a lunchroom at the Antioch Towers at 1:45 p.m. when he received a call from his manager that someone was damaging his car. Barnes testified that a window in the lunchroom looked down upon his car in the parking lot and, upon being alerted by his manager, he observed Gosier damaging his car. Barnes testified that he recognized Gosier's face beneath the hoodie from a distance of 200 to 300 feet. Barnes later retracted this testimony and stated that the distance was instead a little over 60 feet. Barnes's testimony was contradicted by Aponte who testified that a lunch room with a window view of the parking lot did not exist on the property. Barnes testified that his vehicle sustained $3,200 in damages and he reported the crime to the police.

{¶5} Finally, Gosier testified and denied damaging Barnes's vehicle. Gosier stated that she was working at home handling telemarketing calls from her computer from 11:59 a.m. until 5:07 p.m. She attempted to introduce a purported call log allegedly created by her supervisor to support this testimony but, because it was not authenticated, it was not admitted. Gosier admitted that she had previously filed a false police report in Bedford accusing Barnes of violating a protection order and committing arson.

{¶6} The trial court found Gosier guilty of criminal damaging explaining that inconsistencies in the testimony of both Barnes and Gosier led the court to conclude that their testimony could not be relied upon. However, the trial court found Aponte to be a credible witness and based Gosier's conviction upon his testimony.

**{¶7}** At sentencing, the trial court imposed a 90-day jail term with 90-days suspended, two years of active probation, a $750 fine with $625 suspended and $3,216.91 in restitution for the damage to Barnes's car.

**Law and Analysis**

**I. Manifest Weight**

**{¶8}** In her first assignment of error Gosier argues that her conviction was against the manifest weight of the evidence.

**{¶9}** Cleveland Municipal Ordinances 623.02 defines the offense of criminal damaging as follows:

> (a)    No person shall cause, or create a substantial risk of physical harm to any property of another without his or her consent:
>
> (1)    Knowingly, by any means;
>
> (2)    Recklessly, by means of fire, explosion, flood, poison gas, poison, radioactive material, caustic or corrosive material, or other inherently dangerous agency or substance.
>
> (b)    Whoever violates this section is guilty of criminal damaging or endangering, a misdemeanor if the property involved is not an aircraft, an aircraft engine, propeller, appliance, spare part or any other equipment or implement used or intended to be used in the operation of an aircraft and if the violation does not create a risk of physical harm to any person, and if the property involved is not an occupied aircraft. A violation of this section is a misdemeanor of the second degree. If violation of this section creates a risk of physical harm to any person, criminal damaging or endangering is a misdemeanor of the first degree.

**{¶10}** A manifest weight challenge attacks the credibility of the evidence presented and questions whether the state met its burden of persuasion at trial. *State v. Whitsett*, 8th Dist. Cuyahoga No. 101182, 2014-Ohio-4933, ¶ 26, citing *State v.*

*Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997); *State v. Bowden*, 8th Dist. Cuyahoga No. 92266, 2009-Ohio-3598, ¶ 13. When considering an appellant's claim that a conviction is against the manifest weight of the evidence, the court of appeals sits as a "thirteenth juror" and may disagree with the factfinder's resolution of conflicting testimony. *Thompkins* at 387, quoting *Tibbs v. Florida*, 457 U.S. 31, 42, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982). The reviewing court must examine the entire record, weigh the evidence and all reasonable inferences, consider the witnesses' credibility, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *Thompkins* at 387, citing *State v. Martin*, 20 Ohio App.3d 172, 485 N.E.2d 717 (1st Dist.1983). In conducting such a review, this court remains mindful that the credibility of witnesses and the weight of the evidence are matters primarily for the trier of fact to assess. *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraphs one and two of the syllabus. Reversal on manifest weight grounds is reserved for the "exceptional case in which the evidence weighs heavily against the conviction." *Thompkins* at 387, quoting *Martin*, *supra*.

{¶11} We cannot say that the trial court's judgment is against the manifest weight of the evidence in this instance. The sole issue disputed at trial was the identification of the perpetrator. The trial court found Aponte to be a credible witness who provided an in-court identification of Gosier as the party responsible for the damage. Aponte testified that he and Barnes were merely worker associates rather than friends and the trial

court found he had no reason to be untruthful. On these facts, we cannot conclude that the trial court lost its way and created such a manifest miscarriage of justice that Gosier's conviction must be reversed.

**{¶12}** Gosier's first assignment of error is overruled.

## II. Restitution

**{¶13}** In her second assignment of error, Gosier argues that the trial court's determination of restitution was not supported by competent, credible evidence in the record.

**{¶14}** Prior to ordering restitution, "a sentencing court must engage in a due process ascertainment that the amount of restitution bears a reasonable relationship to the loss suffered." *State v. McLaurin*, 8th Dist. Cuyahoga No. 103068, 2016-Ohio-933, at ¶ 13, quoting *State v. Borders*, 12th Dist. Clermont No. CA2004-12-101, 2005-Ohio-4339, ¶ 36. "The court must determine the amount of restitution to a reasonable degree of certainty, ensuring that the amount is supported by competent, credible evidence." *McLaurin* at ¶ 13, citing *State v. Warner*, 55 Ohio St.3d 31, 69, 564 N.E.2d 18 (1990). Pursuant to R.C. 2929.28(A)(1), if the court imposes restitution, it

> may base the amount of restitution it orders on an amount recommended by the victim, * * * estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense.

*Id.*

**{¶15}** In this instance the file contains a copy of a repair estimate for Barnes' vehicle in the amount of $3,216.91 prepared by Ricky Dalton Autobody Shop L.L.C. The estimate breaks down in minute detail the costs of the repair and replacement of various components of Barnes' vehicle as well as paint and labor costs. The trial court referenced the estimate at sentencing. Barnes affirmed that he had obtained the estimate and that he had previously dealt with this autobody repair shop. Gosier did not raise any challenge to the estimate or the amount of restitution at sentencing and has thus waived all but plain error. *State v. Jarrett*, 8th Dist. Cuyahoga No. 90404, 2008-Ohio-4868, ¶ 14. Finding no evidence of plain error in the record, we affirm the trial court's imposition of restitution.

**{¶16}** Gosier's second assignment of error is overruled.

**{¶17}** The judgment of the trial court is affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issues out of this court directing the municipal court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

KATHLEEN ANN KEOUGH, P.J., and

TIM McCORMACK, J., CONCUR